ALLEN JAMISON, Plaintiff in Error, *v.* GEORGE H. COPHER, Defendant in Error.

1. *Petition—Note.*—In an action by an endorsee against an endorser, the petition must state the facts which in law make the endorser liable, as demand and refusal of payment and notice thereof to the endorser, or such facts as excuse a demand. The insolvency of the maker is no excuse for not making a demand.

2. *Petition—Action for Deceit.*—A petition against the endorser of a negotiable note endorsed after maturity, alleging that the endorser, with intent to deceive the endorsee, falsely represented that the maker was solvent, and that, relying upon such representation, the endorser accepted the note, shows a good cause of action.

3. *Pleading—Misjoinder of Causes of Action.*—A count in an action *ex contractu* is improperly joined with a count in an action *ex delicto.*

*Error to Lincoln Circuit Court.*

*E. A. Lewis,* for plaintiff in error.

I. The demurrer should have been overruled as to the first count in the petition. Prior to the revision of 1845, the right of recovery against an assignor, in case of insolvency of the maker, was limited by the words of the statute to the " assignee of a bond or note other than a negotiable note." (R. C. 1835, p. 105, § 9.)

The note in the case of Davis v. Francisco (11 Mo. 572) was governed by that statute. But, in the revision of 1845, the words "other than a negotiable note" were left out, showing an intent in the Legislature to give full effect to the general expression "bond, note, or account," without qualification as to its negotiability or otherwise. (R. C. 1855, p. 323, § 6.) It is but reasonable to suppose that such a change was expressly intended to elevate negotiable notes to an equal dignity and value with non-negotiable, in the only particular wherein they had hitherto been inferior. By this means only could the negotiable words have, in all cases, their legitimate effect of adding to rather than diminishing the value of the security.

II. The demurrer should have been overruled as to the second count. Fraud vitiates all contracts. The party defrauded has a right to be restored to his original position, as nearly as that can be done. It is no answer to say that the plaintiff might have made his claim good by protest and notice; for the plaintiff may have considered the defendant worthless, and bought the notes solely upon his representations of the maker's solvency. And such, in fact, is substantially the case made by the petition. The plaintiff had a right to stipulate for the solvency of the maker as a condition of his purchase. If, as to that condition, he was imposed upon by the defendant, the law cannot substitute the contingent liability of the endorser as an equivalent, and force him to accept it. The law merchant places a special and peculiar liability on the endorser, upon protest and notice, in cases of fair and honest dealing. It does not undertake to supersede the universal law of responsibility for fraud, or to champion its perpetrator against the rights of his victim. (Sto. on Bills, § 225, n. 2, and § 111 n. 3; Sto. on Prom. Notes, § 118, and n. 4; Bayl. on Bills, 405, and n. 70; Wilson v. Force, 6 John. 110; 2 Smith's Lea. Ca. 56, 59; Hellings v. Hamilton, 4 Watts & Serg. 462; Jones v. Emery, 40 N. H. 348; Pasley v. Freeman, 2 Smith's Lea. Ca. 133 (55); Hawkins v. Applesby, 2 Sand. S. C. R. 421; Bar-

tle v. Sanders, 2 Grant's Ca. 199; Robinson v. Ames, 20 John. 146.)

*Wm. Porter*, for defendant in error.

The petition in this case is wholly insufficient, because it does not, in either count, allege facts which show a cause of action. In an action against an endorser of a negotiable note, the holder must allege in his petition that he duly presented it to the maker for payment, his failure the same to pay, and that of such failure he gave the defendant due notice. (Smith's Merc. Law, 195; Davis v. Francisco, 11 Mo. 572; Jaccard v. Anderson, 32 Mo. 188.) Plaintiff must allege presentation of the note, failure of payment and notice of failure, or a reason which will justify the omission.

If the maker has absconded, and no information of his whereabouts, although diligent inquiry for him has been made, has been obtained, this will excuse the omission. (Smith's Merc. Law, 195.) Bankruptcy, insolvency, or stopping payment, is not sufficient. (Id.)

If the maker die before the maturity of the note, and have no personal representative at the time due, this will excuse. (Ibid.) I know nothing else which will excuse the omission.

Neither of said excuses are alleged in the petition; but plaintiff attempts to justify the omission, by alleging that defendant fraudulently stated to him that the maker was able to pay the note. Suppose that he did tell plaintiff that the maker was able to pay it—how did the statement prejudice him? It is not alleged in the petition that defendant's false statement placed plaintiff in a worse condition. It did not induce him to take the note without recourse on defendant.

Defendant's liability to plaintiff did not depend upon the inability of the maker to pay the note, but upon his failure to pay it when presented.

Suppose the maker at the time of demand worth a million of dollars, yet if he failed to pay his note, the defendant as

endorser would immediately become liable. Plaintiff, in such case, would not (as in a case of assignment of a common promissory note) be bound to exhaust his remedy against the maker before he would have cause of action against the endorser, but could at once proceed to collect the amount of him. Then there could not be fraud in such case.

DRYDEN, Judge, delivered the opinion of the court.

This was a petition containing two counts, to which there was a demurrer, the sole ground of the demurrer being the insufficiency of the facts stated to constitute a cause of action. The demurrer was sustained and judgment thereon for the defendant. The plaintiff has brought the case here by writ of error.

The first count is endorsee against his immediate endorser of a negotiable promissory note. There was no averment of any demand of payment of the maker, or notice of non-payment to the defendant; but instead it was alleged that at the times, respectively, of the endorsement and maturity of the note, the maker was wholly insolvent and so continued to the time of suit.

The liability of an endorser of negotiable paper is secondary, and, as a general rule, contingent upon the exercise of due diligence by the holder in demanding payment of the party primarily liable, and giving notice of dishonor to the endorser. There are exceptional cases excusing demand and notice, but mere insolvency of the maker or acceptor does not make one of them. (Chit. on Bills, 355 ; Sto. on Prom. Notes, §§ 203, 241.)

The second count is in the nature of an action on the case for deceit involving the same note as the first count.

This count is loosely framed, but it substantially charges that the maker of the note (then past due), at the time of the assignment, was wholly insolvent, and that his insolvency was well known to the defendant, but unknown to the plaintiff; that the defendant, intending to deceive and de-

fraud the plaintiff, falsely and fraudulently represented to the plaintiff that the said maker was solvent; and that the plaintiff, relying upon the truth of said representations, accepted the assignment and paid the consideration therefor, and charged that by means of the premises the plaintiff was damaged. If the facts charged exist, I think they constitute a cause of action, and the demurrer was therefore, as to the second count, improperly sustained.

The two counts—one being an action *ex contractu* and the other *ex delicto*—were improperly united, and had the demurrer embraced that as a cause of demurrer, it ought to have been sustained. But, as the union of incongruous causes of action was not assigned as a ground of demurrer in the court below, we are obliged to dispose of the case as if the petition was not obnoxious to that objection. (R. C. 1855, p. 1231, §§ 7, 10.)

With the concurrence of Judge Bay, the judgment is reversed and the cause remanded.