———O———

A. TIPPACK, *et al.*, Plaintiffs in Error, *vs.* A. C. BRIANT, Defendant in Error.

1. *Judgment—Agreement to by counsel without consent of client—Judgment got by fraud—Rules as to remedy of party.*—If a party has not really consented to a judgment agreed to by his counsel, his remedy is against the counsel. If the judgment be obtained by fraud and covin, the party may be relieved against it in equity.

2. *Courts—Jurisdiction not conferred by consent.*—Consent cannot confer upon a court jurisdiction as to the amount or subject matter of a controversy.

3. *Cass county court of common pleas—Amendment of law—Submission of cause after—Jurisdiction of court as to amount.*—Suit in replevin was brought in the

Cass county court of common pleas for property, the alleged value of which was in excess of its then jurisdiction, but a subsequent amendment gave the court jurisdiction co-extensive with that of the circuit court. The case having, after amendment, been dismissed and re-instated by consent of parties, that action was held equivalent to a voluntary appearance of the parties, and a submission by them anew of their dispute; and the court having by that time acquired jurisdiction as to the amount, was held to possess full control over the case.

4. *Replevin—Judgment by consent—Return of property—Order for, unnecessary, when.*—In replevin where an absolute judgment in a specified sum is given by consent for defendant, such consent should be treated as equivalent to an election to take the money instead of the property; and an order for the return of the property would be wholly unnecessary.

## *Error to Cass Common Pleas Court.*

*Bereman & Smith, with Nation & Allen and Hines & Cline,* for Plaintiffs in Error, cited in argument: Lanham vs. Boggs, 1 Mo. 476; Murphy vs. Howard, 1 Hempst., 205; Ashuelot Bank vs. Pearson, 14 Gray, 521; Scott vs. Moone, 41 Vt. 205; St. Louis vs. Fox, 15 Mo. 71; Hansberger vs. Pac. R. R. Co., 43 Mo. 196; Schell vs. Leland, 45 Mo. 289; Mail Co. vs. Flanders, 12 Wall., 130; Marsh vs. Haywood, 6 Humph. [Tenn.] 210; Freem. Judg., 120; Butler vs. Ivie, 30 Mo. 478; Long vs. Cockrell, Adm'r, 55 Mo. 93; Dieks vs. Hatch, 10 Iowa, 380; Moon vs. Ellis, 18 Mich. 77; Dodson vs. Scroggs, 47 Mo. 285; Cones vs. Ward. Ib. 289; Tuppery vs. Hertung, 46 Mo. 135; Stone vs. Corbett, 20 Mo. 350; Dilworth vs. McKelvy, 30 Mo. 149; Gilham vs. Kerone, 45 Mo. 487; State *ex rel.* vs. Hays, 52 Mo. 578; Dillard vs. St. L., K. C. & N. R. R. Co., 58 Mo. 69; Mora vs. Kuzac, 21 La. An. 754.

*Boggess & Cravens, with Adams & Sloan,* for Defendant in Error, cited Bridle vs. Grau, 42 Mo. 359; Smith vs. Winston, 10 Mo. 299; Reed vs. Wilson, 13 Mo. 28; Hansard vs. Reed, 29 Mo. 472; White vs. Van Houten, 51 Mo. 577; Hohenthal vs. Watson, 28 Mo. 360; Berghoff vs. Heckwolf, 26 Mo. 513; Norris Repl. 190; Brown vs. Parker, 5 Blackf., 291; Gibbs vs. Bartlett, 2 Watts & Serg. 29; Waterman vs. Yea, 2 Wilson, 42; Perreau vs. Bevan, 5 Barnw. & Cress., 284; Roman vs. Stratton, 2 Bibb. 199; Calloway vs. Nifong, 1 Mo. 223; *Ex*

*parte* Toney, 11 Mo. 661 ; Powell vs. Gott, 13 Mo. 458 ; Mc-
Collum vs. Lougan's adm'r, 29 Mo. 451 ; Collier vs. Wheldon,
1 Mo. 1 ; Yates vs. Kimmel, 5 Mo. 87 ; Warne vs. Anderson, 7
Mo. 46 ; Magehan vs. Orme, 7 Mo. 4 ; Henslee vs. Cannefax, 49
Mo. 295 ; Ohio vs. Cowles, 5 Ohio, [N. S.] 87 ; Smith vs. St.
Joseph, 45 Mo. 449 ; Tatum vs. Tatum, 19 Ark. 194 ; Parker
vs. Palmer, 22 Ills. 498 ; Calderwood vs. Tevis, 23 Cal. 335;
Webb vs. Stevens, 14 Mo. 480 ; Henry vs. Gibson, 55 Mo. 570.

Hough, Judge, delivered the opinion of the court.

This was an action instituted October 2d, 1871, in the common
pleas court of Cass county, under the statute regulating the claim
and delivery of personal property, in which the property sought
to be recovered was valued at $4,000, and damages to the
amount of $3,000, were claimed for the wrongful taking and un-
lawful detention thereof.

The defendant pleaded that he held possession of the property,
as sheriff of Cass county, by virtue of a levy made under a writ
of attachment commanding him to attach the goods and chattels
of the plaintiff, Tippock, to an amount sufficient to satisfy a debt
of $600 and costs, and that such levy constituted the taking and
detention complained of. The defendant also denied the juris-
diction of the court, and demanded the return of the property
and $600 for the taking and detention thereof. To this answer
there was no reply.

At the September term, 1873, the suit was dismissed for want
of prosecution. At the same term, on motion of the plaintiffs,
this judgment was set aside, and the cause reinstated on the
docket. Thereupon the defendant filed a motion to dismiss the
suit, on the ground that the value of the property involved ex-
ceeded the jurisdiction of the court. On the 12th day of Janu-
ary, 1874, this motion was sustained, and the cause was dis-
missed. On the succeeding day the following entry was made :
"Now come said parties by their attorneys, and by agreement the
judgment of dismissal heretofore, on the 1st day of this term
made and entered, is set aside, and by agreement judgment is
rendered herein in favor of said defendant, and against said

plaintiffs, A. Tippock and L. A. Hartman, for $987.92. It is, therefore, considered by the court that said defendant recover of said plaintiffs, A. Tippock and L. A. Hartman, said sum of $987.92, so found and adjudged by agreement, as aforesaid, together with his costs and charges herein sustained, and have execution thereof." To reverse this judgment the plaintiffs have sued out the present writ of error.

The act establishing the common pleas court limited its jurisdiction to cases wherein the sum due or demanded, or damages claimed, should not exceed one thousand dollars, exclusive of interest and costs. On the 17th day of March, 1873, an act was passed, giving to the common pleas court concurrent original jurisdiction with the circuit court of Cass county in all civil actions.

It is urged by the plaintiff in error, first, that the common pleas court had no authority to make any order in the cause, except to dismiss the action; that, having no jurisdiction of the amount in controversy, any other judgment pronounced by it must be void; second, that, having no jurisdiction of the sum demanded, the consent of the parties could confer none; third, that, even though the judgment complained of could have been rendered by consent, it was for a greater sum than the defendant claimed, and is also fatally defective in form, inasmuch as it does not conform to the statute.

There may be some question whether a party whose counsel has consented of record to a judgment, can question its validity, either by appeal or writ of error. If he did not really consent, his remedy is against his counsel; and if the judgment were obtained by *fraud and covin*, he may be relieved against it in equity. (Bradish vs. Gee, 1 Amb. 229.) We do not deem it necessary, however, to decide this point now.

It is true, that, at the institution of this suit, the common pleas court had no jurisdiction of it, and it is also true that consent cannot confer jurisdiction as to the amount or subject matter of a controversy. In cases where the court is without such jurisdiction, the proper course is to dismiss the proceeding, though the court may first vacate such orders as may have been

improperly made before the want of jurisdiction was discovered. But was there any want of jurisdiction over the amount involved in the case at bar, when the judgment by consent was rendered ? After the act of March 17, 1873, was passed, making the jurisdiction of the common pleas court co-extensive with that of the circuit court in civil cases, this case was twice dismissed ; and it was twice re-instated on the docket with the consent of the plaintiffs, and once on their application. After the cause was out of court, it was,by the action of the parties and the court,restored to the docket at a time when the court possessed full and complete jurisdiction over all the matters in controversy. This action, we think, was equivalent to a voluntary appearance of the parties, and a submission by them anew, of their dispute, to the court. By law the court had acquired jurisdiction of the amount in controversy, and in order to complete its jurisdiction over this particular cause, it was only necessary that the parties should submit to its jurisdiction, and this they did. The passage of the act of March 17, 1873, could not of itself confer jurisdiction upon the court over this cause ; but as the subject matter of the controversy in all its parts, was then within the jurisdiction of the court, the consent of the parties was all that was necessary to make it a cause in court.

The case of Mora vs. Kuzac (21 La. An. 754) cited by the plaintiff in error, as directly antagonizing this view, differs materially from the case at bar. In that case it was after the trial in the court below, and after appeal to the Supreme Court, that the trial court was invested with jurisdiction of similar causes. And it was very properly held that the whole proceeding was a nullity. In that case, no court, having jurisdiction of the subject matter, adjudicated the controversy with the consent of the parties. In this case such action was had.

Nor are the objections to the amount and form of the judgment tenable. The defendant demanded a return of the property and $600 for the taking and detention. Judgment could lawfully have been rendered for the value of the defendant's interest in the property, which was alleged to be $600, and also for $600 damages. When a return of the property is demanded, it is the

duty of the court to have an assessment made of the value of the defendant's interest, and the damages sustained by him. Here the amount was ascertained by the consent of the parties, and an absolute judgment for that sum, by consent, was equivalent to an election to take money instead of the property, and the order for a return of the property was, therefore, wholly unnecessary. In any ordinary case of replevin it would hardly be denied, we imagine, that such a judgment could be rendered by consent.

For these reasons we think the judgment of the common pleas court should be affirmed. The other judges concur.