SUMNER v. ROGERS, *Administrator, Appellant*.

1. **Code Practice:** "CIVIL ACTION." The provision of the code R. S., sec. 3461), denominating every suit brought under it a "civil action," relates to the form of the action and not to its substance.

2. ———— : ————. Under the code one cannot sue on one cause of action and recover on another. He cannot sue for an injury and recover on a contract, express or implied, or *vice versa*.

3. ———— : ————. The old common law distinctions between actions *ex contractu* and *ex delicto* are still, in substance, retained by the code.

4. ———— : QUESTION FOR JURY. The evidence in this case, taken in connection with the admissions in the answer, held sufficient to warrant a submission of the case to the jury on the matter of deceit charged in the petition.

5. ———— : PLEADING : ADMISSION. Under section 3546, Revised Statutes, pleadings are to be liberally construed with a view to substan-

Sumner v. Rogers.

tial justice, etc., and when an admission is made in an answer it
includes the dates of the facts as alleged in the adverse pleading.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Smith P. Galt* for appellant.

(1)   There was an utter failure to prove the allega-
tions of fraud, so as to sustain an action for deceit.
*Dunn v. White,* 63 Mo. 181, and cas. cit. ; *Joliffe v. Col-
lins,* 21 Mo. 333.   (2) The first count is an action for
deceit, and nothing else.   It is solely for the " frauds, "
"fraudulent acts," " conspiring with others with intent
to cheat and defraud plaintiff," "fraudulent conceal-
ment from plaintiff," "misleading and fraudulently
deceiving plaintiff," that plaintiff claimed to be "dam-
aged in the sum of one thousand one hundred dollars."
Though there be acts alleged that, if differently pleaded,
might constitute an action for money had and received,
that counts for nothing in construing the pleading,
because there can scarcely be an action for deceit imag-
ined where the fraud might not be eschewed and an
action for money had and received maintained.   (3) The
plaintiff had to stand or fall by his pleadings.   He can-
not declare on one cause of action and recover on another
and different cause of action.   *Bray's Adm'r v. Selig-
man's Adm'r,* 75 Mo. 40 ; *Smith v. Culligan,* 74 Mo.
389 ; *McGonigle v. Dougherty,* 71 Mo. 259 ; *Carson
v. Cummings,* 69 Mo. 325 ; *Clements v. Yeates,* 69 Mo.
623 ; *Davis v. Brown,* 67 Mo. 314 ; *Eyermann v. Mt.
Sinai Cem. Ass'n,* 61 Mo. 489 ; *Ensworth v. Barton,* 60
Mo. 511 ; *Houston v. Forsythe Scale Works,* 56 Mo.
416 ; *Cabanne v. Skinker,* 56 Mo. 368 ; *Jones v. Louder-
man,* 39 Mo. 289 ; *Harrison v. Railroad,* 37 Mo. 307 ;
*Browning v. Walburn,* 45 Mo. 477 ; *Dougherty v.
Mathews,* 35 Mo. 520 ; *Beck v. Ferrara,* 19 Mo. 30 ;
*Duncan v. Fisher,* 18 Mo. 403 ; *Link v. Vaughn,* 17
Mo. 585.   (4) In the case at bar not only did the pleader

draft the first count as an action for deceit, but he expressly declared upon the trial that it was an action for deceit ; and in that view of the pleadings, in which the court coincided, much testimony ( nine - tenths of all the testimony in the record ), otherwise irrelevant and immaterial, was admitted. To permit the plaintiff now to hold that the count was not an action for deceit, the trial court would stultify itself, and hold out a premium to counsel to commit a fraud on the court and opposite party, and there can be no certainty in pleading or practice. (5) It is presumed the pleader knows the statutory provisions concerning pleading. The two counts as pleaded, and construed by the pleader on the trial, were properly joined in the same petition, and the court will not, after judgment, at the instance of the pleader or his new associate, construe the petition so that the one count shall be taken as *ex contractu* and the other *ex delicto*, and, therefore, improperly joined. (6) If the first count is construed by this court as an action for money had and received, and it is further held that it should now be so construed, notwithstanding the plaintiff pleaded it, and prosecuted his suit and got in his mass of testimony upon the theory and express declaration that " it is an action for deceit ; " nevertheless, there was no evidence upon which he could recover. (7) In no event has the respondent been damaged or his rights affected. He holds the twenty-two thousand dollar note and mortgage securing it ; and the thirty-five thousand dollar note and mortgage securing it ; and Merrick and Stickney's one-half interest in the land mortgaged is worth from forty thousand to eighty thousand dollars.

*Edmond T. Allen* for respondent.

(1) Tuck's relation to Sumner was that of a trustee to his *cestui que trust.* Brandt on Surety, sec. 370 ; *Phares v. Barbour*, 40 Ill. 375 ; *Rogers v. Trustees of Schools*, 46 Ill. 428 ; *Kirkpatrick v. Howk*, 80 Ill. 112 ; *Mahan v. Crickett*, 2 Swans. 198 ; *Price v. Truesdale*,

28 N. J. Eq. 200 ; *Barnes v. Mott,* 64 N. Y. 397 ; *City National Bank v. Dudgeon,* 65 Ill. 11 ; *Boyd v. Mc-Donough,* 39 How. Pr. 389 ; *Baker v. Briggs,* 8 Pick. 127 ; *Hayes v. Ward,* 4 Johns. Ch. 123. (2) Tuck's release from the lien of his mortgage of Merrick & Stickney's half of the St. Charles county land, released Sumner from any liability, whatever, on the twenty-two thousand dollar note. *National Bank v. Douglass,* 5 Ga. 205 ; 2 White & Tudor's Lead. Cas. [4 Ed.] 1874, 1890, and cas. cit. ; *Rees v. Barrington,* 2 Ves. Jr. 540 ; *Polak v. Everett,* L. R. 1 Q. B. Div. 669 ; *Willis v. Davis,* 3 Minn. 17 ; *Bunney v. Bunney,* 29 Iowa, 448 ; 2 Am. Lead. Cas. [5 Ed.] 396 and cas. cit. ; *Saline County v. Buie,* 65 Mo. 63 ; *Dodd v. Winn,* 27 Mo. 503 ; *Smith v. Rice,* 27 Mo. 505. (3) Sumner having paid Tuck eleven hundred dollars on account of interest, and twenty-two thousand dollars on account of the principal of the twenty-two thousand dollar note, under ignorance of the material fact that the mortgage, as to Merrick & Stickney's half of the land, had been released, has a right of action against Tuck to recover the money so paid. 2 Kent's Com. 491 ; *Moses v. McFarlane,* 2 Burr. 1009 ; 2 Smith's Lead. Cas. 395 ; *Garland v. Salem Bank,* 9 Mass. 408 ; *Citizen's Bank v. Graffin,* 31 Md. 507 ; 2 Smith's Lead. Cas. side p. 403, 404, *et seq. ; Pitman v. Trinity Church,* 123 Mass. 1 ; *Welch v. Goodwin,* 123 Mass. 71. (4) Negligence of the party making such payment is no defence. *Keeley v. Solari,* 9 Mees. & W. 64 ; *Columbus Ins. Co. v. Walsh,* 18 Mo. 229 ; *Beel v. Gardner,* 4 Man. & G. 11 ; *Mather v. Maidstone,* 18 C. B. 273 ; *Gurney v. Wormesley,* 4 El. & Bl. 133 ; *Koontz v. Central National Bank,* 51 Mo. 275. (5) Whether the petition be regarded as stating causes of action for deceit, or causes of action for money had and received ( regarding as surplusage any averments of fraud ), the plaintiff was entitled to a verdict, as the evidence stood at the end of plaintiff's case. *House v. Lowell,* 45 Mo. 383 ; *Pickering v. Transp. Co.,* 47 Mo. 457 ; *Williams v. Fischer,* 50 Mo.

198 ; *Ahern v. Collins*, 39 Mo. 145 ; *Biddle v. Runney*, 52 Mo. 153 ; *Elfrank v. Seiler*, 54 Mo. 134 ; *Pomeroy v. Benton*, 57 Mo. 531, 550, 555 ; *Daily v. Houston*, 58 Mo. 361 ; *Gimbell v. Piquers*, 62 Mo. 243 ; *Mead v. Brown*, 65 Mo. 552 ; *Sparman v. Kein*, 83 N. Y. 245 ; *Whalen v. Sheridan*, 17 Blatch. 9. (6) Considering the relation between the parties, viz., that of trustee and *cestui que trust*, the evidence fully sustained the allegations of fraud. 2 Kent's Com. [12 Ed.] 483, 484; Story's Eq. Jur. [11 Ed.] sec. 215, and note ; *Bank of the Republic v. Bustee*, 31 Vt. 101 ; *Bank v. Albright*, 21 Pa. St. 229 ; *Dameron v. Jamison*, 4 Mo. App. 299 ; *Baldwin v. Whitcomb*, 71 Mo. 65. (7) The pleadings and evidence tended to show, if they did not conclusively establish the fact, that Tuck's deed of release to the Smiths had been recorded before the payments by Sumner to Tuck. Such record, however, was not constructive notice to Sumner of such release, which Tuck can take advantage of in this transaction. Story's Eq. Jur. [11 Ed.] sec. 401 ; *Pinham v. Randolph*, 4 How. (Miss.) 435 ; *Young v. Hopkins*, 6 Mon. (Ky.) 23 ; *Campbell v. Whittingham*, 5 J. J. Marsh. 96 ; *Yonge v. Harris*, Adm'r, 2 Ala. 101 ; *Napier v. Elam*, 6 Yerg. 108 ; *Kennedy v. Johnson*, 2 Bibb. 12 ; *Platt v. Squire*, 12 Metc. 494 ; *Babcock v. Case*, 61 Pa. St. 429 ; *Foster v. Holbert*, 55 Mo. 23 ; *Dameron v. Jamison*, 4 Mo. App. 299 ; *Hurt v. Giles*, 67 Mo. 175. (8) The Kansas mortgages and securities have nothing to do with the count for eleven hundred dollars, and are of importance under the count for twenty-two thousand dollars only as to the measure of damages. (9) On the evidence, plaintiff was entitled to a verdict on the first count for eleven hundred dollars and interest, and on the second count for twenty-two thousand dollars and interest.

SHERWOOD, J.— Both counts in the petition were for causes of action arising *ex delicto*, and so they were

treated by plaintiff's counsel, who insisted on the trial that the action was for deceit; it was upon this ground, alone, that the circuit court permitted the trial to proceed. At the conclusion of the evidence, however, the court gave instructions that on the pleadings and evidence the plaintiff was not entitled to recover on either count, and, thereupon, the plaintiff took a non-suit with leave, etc., and failing to set the non-suit aside, appealed to the St. Louis court of appeals, where the judgment of the lower court was reversed.

The grounds on which this was done were, that there was enough in the first count of the petition to make a good cause of action for money had and received, and that the defendant, by failing to demur on the ground of misjoinder, had waived the objection, and, therefore, was not at liberty to raise such objection at a subsequent period. R. S., sec. 3515. Though our statute has denominated every suit brought under the code, "a civil action" (sec. 3461), yet this provision only relates to the *form* of the action, not to its *substance*. This is plainly shown by the provisions of section 3515, *supra*, which allows a demurrer, because of several causes of action having been improperly united, and by section 3519, allowing advantage to be taken of such defect by answer, when the same does not appear on the face of the petition, and cannot, therefore, be taken by demurrer; and, furthermore, by section 3512, which prescribes what causes of action may be united in the same petition, *ex gr.*, contract express or implied; or injuries with or without force, etc., etc., and specially providing that "such causes of action so united must all belong to one of these classes." These statutory provisions leave no room to doubt that the old common law distinctions between actions *ex contractu* and *ex delicto*, are still, in substance, retained by the code; for otherwise the provisions quoted would be devoid of meaning.

Notwithstanding the code, a party cannot sue on

one cause of action and recover on another; cannot sue for an injury and recover on a contract express or implied, or *vice versa*. So that, while under the statute, a party defendant can only take advantage of a petition which unites incongruous causes of action by demurrer or by answer, and waives such defect by failing to take such objection, yet such waiver does not extend beyond this, that no further objection can be taken on that score to the petition considered merely as a *pleading*, but does not deprive the defendant from insisting that the evidence shall correspond with the allegations, and be confined to the point in issue. There may be cases, and doubtless are, where a cause of action *ex contractu* may have connected with it some averments as to fraud, etc., which may be disregarded as surplusage, but this is not a case of this sort, nor was it so treated by the plaintiff at the trial. Until defeated and compelled to take a non-suit, his counsel insisted that the action was for an injury, and having been defeated on this theory, he cannot be permitted to change front and recover on an implied contract. "A party will not be permitted to try his cause on one theory in the trial court, and then, if beaten on the ground of his own choosing, spring a fresh theory on his adversary in this court." *Bray's Adm'r v. Seligman*, 75 Mo. 31 ; *Wilson v. Railroad*, 87 Mo. 431. The positions heretofore taken herein, as to a party suing in tort, and recovering in assumpsit, and *vice versa*, are fully sustained by the cases cited from our own reports. *Carson v. Cummings*, 69 Mo. 325 ; *Clements v. Yeates*, 69 Mo. 623, and cas. cit. ; *Dunn v. White*, 63 Mo. 181 ; *Ensworth v. Barton*, 67 Mo. 511. This subject is very well discussed elsewhere. Thus, in *Degraw v. Elmore*, 50 N. Y. 1, where it is said: "It is insisted, that under the code, forms of action are abolished, and that the facts showing the right of action need only be stated. This is correct, but it does not aid the plaintiff. The facts are not stated. The plaintiff

had cause of action against the defendant upon an account for money advanced for him.  Instead of stating this cause of action, the allegation is, in substance, that he paid him money as the price of stock fraudulently sold by the defendant to the plaintiff, which contract has been rescinded by the plaintiff, and a return of the money demanded, which has been refused by the defendant.  These causes of action differ in substance.  The former is upon contract, the latter in tort, and the law will not permit a recovery upon the latter by showing a right to recover upon the former."

In *Ross v. Mather*, 51 N. Y. 108, (approved in *Greentree v. Rosenstock*, 61 N. Y. 583), the court say: "The complaint contains all the elements of a complaint for a fraud.  It must be held to be such unless the distinction between the two forms of action is at an end.  While it contains all that is necessary to authorize a recovery upon a contract, it contains much more."  After citing authorities in support, the court conclude as follows: " The view of this pleading which I have taken is in accordance with our improved system of pleading, abolishing all prior forms and requiring the party to make a 'statement of the facts constituting a cause of action.'  In the present case the plaintiff made a statement of facts which did not constitute his cause of action.  The code never intended that a party who had failed in the performance of a contract merely, should be sued for a fraud, or that a party who had committed a fraud should be sued for a breach of contract, unless the fraud was intended to be waived.  The two causes of action are entirely distinct, and there can be no recovery as for a breach of contract, where a fraud is the basis of the complaint.  *Conaughty v. Nichols*, 42 N. Y. 83, is the only authority cited to the contrary, and it does not sustain that position."

So, also, in *Barnes v. Quigley*, 59 N. Y. 267, in treating of the same topic, it is remarked: "The com-

plaint is for fraud, and not upon contract. Whether the facts stated constitute a cause of action is not material. The whole frame work is in fraud, and the cause of action, as set forth, is based upon the false and fraudulent representation of the defendant, by which the plaintiff was induced to surrender and give up to the defendant, his promissory note, held and owned by the plaintiff, for an insufficient consideration, an amount considerably less than its face, by reason whereof, as alleged, ' the plaintiff has been deceived and defrauded out of said sum of $582.70, and has sustained damage to that amount.' The theory of the plaintiff at the commencement of the action, and the foundation of his claim as formally made in his complaint, was that a surrender of the note upon the receipt of an agreed sum, less than the amount actually due, in satisfaction of the full sum, was equivalent to a release under seal, and effectually discharged the debt. In that view he could only recover by impeaching the release and discharge for fraud, and he framed his complaint to meet the case in that form. * * * We are not to speculate upon the question, whether the surrender of the note did discharge the obligation. The plaintiff assumed that it did, and brought his action to recover for the fraud by which the discharge was procured. It was error in the court to change the form of the action, by striking out, or treating as surplusage, the principal allegations — those which characterize and give form to the action — because, perchance, there may be facts stated by way of inducement spelled out, which would, when put in proper form, have sustained an action of assumpsit. The defendant was called upon to answer the allegations of fraud, and not to resist a claim to recover in assumpsit. * * * The plaintiff was not, under the complaint, entitled to a verdict and judgment, as in an action upon the note. * * * While the code is liberal in disregarding technical defects and omissions, in pleadings, and in allow-

ing amendments, it does not permit a cause of action to be changed, either because the plaintiff fails to prove the facts necessary to sustain it, or because he has mistaken his remedy, and the force and effect of the allegations of his complaint."

Similar remarks are indulged in *Moore v. Noble*, 53 Barb. 425, which was a suit to recover one hundred and thirty dollars, paid by plaintiff for a horse, and the petition stated, "that said defendant, to induce the plaintiff to purchase the said horse, falsely and fraudulently represented the said horse worth, and of the value of one hundred and twenty dollars, and guaranteed the said horse to be sound in all respects, and free from disease ; " that he was unsound and defendant knew it.  Plaintiff had judgment.  No *scienter* of the defendant was proved on the trial.  On appeal, the Supreme Court said : "If the action in this case had been simply for a breach of warranty, it is possible the judgment might be upheld.  * * *  That the complaint in this case is for deceit in the sale, wilfully and knowingly perpetrated by the defendant, is manifest.  To give it any other construction would be to violate all the rules of language and of pleading.  * * *  There was an utter failure to prove the *scienter*.  Without this proof the plaintiff was not entitled to recover in the form of action he elected to bring, and the judgment should have been reversed."  The case last mentioned is cited with approval in *Barnes v. McMullins*, 78 Mo. 260.

II.  But, notwithstanding the views already expressed, the conclusion is reached with some hesitation, that the case should not have been taken from the jury by reason of the fact that there was some evidence that there were fraud and deceit practiced upon Sumner by Tuck.  And the admission in the answer to the first petition, that "defendant released Merrick & Stickney's undivided half of said lands conveyed to defendant as part security for said note of twenty-two thousand dol-

lars, as aforesaid, but defendant denies that plaintiff was ignorant of said release," was an important one. This admission, which is more fully set forth in the record, on the principle announced in section 3546, Revised Statutes, that "in the construction of a pleading, for the purpose of determining its effect, it shall be liberally construed, with a view to substantial justice between the parties," should be held as broad as the portion of the petition it was intended to answer, inclusive of the date at which the release was alleged to have been made. This admission went a good ways towards making out plaintiff's case, and, coupled with other evidence, sufficiently supported the allegations of the amended petition, at least, so far as to have let the case go to the jury. The trial court seems to have proceeded upon the theory of a misjoinder of counts, and of applying a corrective by compelling a non-suit; but this theory, as already seen, was incorrect.

The result is, that the judgment of the St. Louis court of appeals is affirmed, although for different reasons than those given by that court.    All concur.