FRANK O'RILEY, Respondent, v. JOHN DISS, Appellant.

Kansas City Court of Appeals, February 8, 1892.

1. **Practice, Trial:** AMENDMENT: CONTRACT AND TORT. A complaint *ex contractu* cannot be amended by adding a count sounding in tort.

2. ———: ACQUIESCENCE IN STRIKING OUT: RESTORATION BY AMENDMENT. A complaint before a justice contained two causes of action stated in separate counts, one *ex contractu*, the other in tort. On appeal on defendant's motion the count in tort was stricken out, without exception saved by plaintiff; and trial was had on first count with judgment for plaintiff, from which defendant appealed. The judgment was reversed and the cause remanded, when plaintiff amended, restoring the old count in tort over defendant's objections. Plaintiff subsequently dismissed the count *ex contractu* and went to trial on the count in tort. *Held*, such proceeding ought not to be allowed.

*Appeal from the Nodaway Circuit Court.*—HON. C. A. ANTHONY, Judge.

REVERSED.

*T. J. Johnston*, for respondent.

(1) I do not think that plaintiff violated the provisions of section 6137, Revised Statutes, 1889, by the statement of his cause of action originally filed in the justice's court. *First.* Because the pleadings in a justice's court are not required to possess that technical precision required in circuit courts. *Second.* Because, from the face of the statement, there was intended to be charged but one cause of action, though stated in different forms. *Third.* The statute was not intended to apply to such case, the language of that statute (sec. 2850) is: "But causes of action founded upon contract

shall not be joined with causes founded on trespass to the person or to real or personal property." It is not believed that the legislature intended to prevent the statement of a single cause—a wrong complained of—in two distinct forms, but from uniting a cause founded on contract, which at common law would be recovered in an action of debt, *assumpsit*, etc., which this was not, with a distinct cause, as one arising out of a tort— as trespass case, etc. *Lincoln v. Railroad*, 75 Mo. 27; *Burt v. Warne*, 31 Mo. 296; *Robertson v. Railroad*, 21 Mo. App. 633; Chitty on Pl. [4 Am. Ed. from 3 Lond. Ed.] 131, title, Action on the Case. (2) Plaintiff had a right to amend the second count, as that count was in the statement before the justice of peace, was in it when tried there, and was in it until stricken out in the circuit court; and the fact that the case was tried in the circuit court on the first count, and an appeal taken, and a reversal in appellate court, and the case remanded for new trial, makes no difference; the case then stood as though no trial had yet been had, so far as the right to amend was concerned. *Phillips v. McLean*, 5 Mo. App. 587; *Robertson v. Railroad*, *supra; Shults v. Railroad*, 76 Mo. 324; *Adair Co. v. Ownby*, 75 Mo. 282–4.

*E. A. Vinsonhaler* and *W. C. Ellison*, for appellant.

(1) Plaintiff cannot, in justice's court, unite contract with trespass to real property in same petition. R. S. 1889, sec. 6137; R. S. 1879, sec. 2850; *Southworth Co. v. Lamb*, 82 Mo. 242. (2) The evidence that would sustain the cause stated in first count would disprove the cause stated in second count, and for that reason then cannot be united. Plaintiff cannot plead a contract and an abandonment of such contract in same petition. Bliss on Pleading [2 Ed.] 122; *Scovill v. Glasner*, 79 Mo. 449; *Lumpkin v. Collier*, 69 Mo. 171; *Drake v. Railroad*, 35 Mo. App. 553.

ELLISON, J.—This case was originally instituted before a justice of the peace on a written statement disclosing two causes of action separately stated; one for breach of a contract and the other for trespass to real property. On appeal to circuit court on defendant's motion the count for trespass was stricken out, plaintiff acquiescing. The cause then went to trial on the count for breach of contract and plaintiff recovered a judgment. Defendant appealed to this court, where the judgment was reversed for errors committed in the trial. When the cause was remanded plaintiff filed an amended petition retaining the count on the contract as it was originally, and adding the count in trespass (stated more in detail) which was stricken out before the first trial. To this defendant objected; the objection being overruled, he filed a motion to strike it out, which was likewise overruled. The case afterwards came on for trial when plaintiff dismissed the first count, thus leaving the cause standing on the count for the trespass.

When the court struck out the trespass count before the first trial, the plaintiff acquiescing therein, the cause then stood as though originally brought on the contract alone. And, when afterwards, before the second trial, plaintiff amended by filing an amended petition (over defendant's objection) adding a count in trespass, he was joining a suit in trespass to a suit on a contract, a thing he could not legally do. *Ederlin v. Judge*, 36 Mo. 350; *Southworth v. Lamb*, 82 Mo. 242. The fact that plaintiff acquiesced in the action of the trial court before the first trial in striking out his count in trespass was tantamount to an election by him to place his action on the contract. He was considered as having so elected when the case was formerly here. 41 Mo. App. 192. He tried the case as thus made, and now to permit him to reinstate the abandoned count on the trespass, then dismiss the cause of action upon which

he first stood and re-recovered, and then obtain judgment for the trespass ought not to be allowed. It was held when the cause was formerly before us that if there was a liability on defendant it was for a violation of his common-law obligation to keep his cattle on his own premises. But it was not held that he could tack such new action onto an action for breach of contract.

There is a c oss-appeal here by plaintiff in which complaint is made of the action of the trial court in taxing costs against him made at the term at which he amended his petition. But as the result at which we have arrived throws such costs on the plaintiff we need not consider the merits of his complaint, and will affirm the judgment as to the taxing of costs against plaintiff, and reverse the judgment rendered against defendant. All concur.