S. B. BARNES, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, July 2, 1906.

1. JURISDICTION: Justice: Circuit Court: Statute. Where the sum claimed in an action is less than fifty dollars, the circuit court has no jurisdiction. The statute gives the jurisdiction, exclusive and original to the justice in such cases.

2. ———: Circuit Court: Amount Claimed: Different Counts. Where the aggregate amount claimed in an action comes within the jurisdiction of the circuit court, it is sufficient to confer jurisdiction though the amounts claimed in each count are below fifty dollars, since the amount claimed and not the amount recovered determines the jurisdiction and the jurisdiction once attaching is not divested by the failure to establish a part of the claim.

3. ———: Dismissal of One Count: Good Faith. There were two counts in a petition, one for ten thousand dollars and the other for twenty-six dollars, the former was dismissed because of the adverse ruling of the court at the trial. *Held*, that had the dismissal been voluntary the jurisdiction would have determined but as it was prosecuted in good faith and the dismissal compelled by the ruling of the court the dismissal did not terminate the jurisdiction as to the latter count.

4. ———: Joinder of Causes of Action: Tort: Contract: Waiver. The statute does not permit the joinder in the same petition of causes of action *ex contractu* and *ex delicto*, but the failure to demur waives such defect. However such waiver cannot confer jurisdiction and when at the trial the plaintiff is forced to dismiss as to the larger count leaving the one within the exclusive jurisdiction of the justice of the peace, the circuit court has no jurisdiction to try such count and its judgment thereon is void.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback*, Judge.

REVERSED.

*John H. Lucas* for appellant.

(1) The plaintiff could not join in the same petition causes arising in tort and also in contract. Hence under the pleadings and the evidence there could be no recovery. R. S. 1899, sec. 593. This was brought to the attention of the court in defendant's demurrer to the evidence, and was timely. Southworth Co. v. Lamb, 82 Mo. 247. (2) That when plaintiff dismissed as to the first count of his petition, the court was without jurisdiction to render judgment on the second count. R. S. 1899, sec. 1674, subdivs. 2, 3; R. S. 1899, sec. 3836; Bradley & Co. v. Asher, 65 Mo. App. 592. It will be observed in this connection that the second count of the petition only asks judgment for twenty-five dollars, a sum without the jurisdiction of the circuit court. Parlin-Orendorff Co. v. Hord, 78 Mo. App. 286; Bay v. Trusdell, 92 Mo. App. 380.

JOHNSON, J.—The petition, when filed, contained two counts. An action in tort was pleaded in the first and one on contract in the second. No demurrer was filed, but defendant answered to the merits. During the trial plaintiff dismissed the cause of action stated in the first count. At the conclusion of all the evidence defendant asked an instruction in the nature of a demurrer to the evidence, which was refused. Plaintiff recovered judgment on the second count in the sum of $26, the amount prayed for in the petition and defendant appealed.

It is argued by defendant that the circuit court had no jurisdiction over the action stated in the second count because the amount of the recovery sought therein was less than $50. The suit was brought in the circuit court of Jackson county, a county having over fifty thousand inhabitants, and it is provided in Revised Statutes 1899, section 3836, that in all such counties "justices of the peace shall have original jurisdiction

of all actions and proceedings for the recovery of money
. . . when the sum demanded exclusive of interest
and costs does not exceed three hundred dollars." In
the third subdivision of section 1674, Revised Statutes
1899, it is provided that circuit courts shall have "con-
current original jurisdiction with justices of the peace
in all counties and cities, in all civil actions for the re-
covery of money . . . when the sum demanded ex-
clusive of interest and costs shall exceed fifty dollars."

Had the suit, when brought, embraced no other
cause of action than that pleaded in the second count,
the judgment would be void for want of original jurisdic-
tion in the circuit court over the subject-matter, the ex-
clusive original jurisdiction of such actions being vested
in justices of the peace. [Bradley v. Asher, 65 Mo. App.
589; Bay v. Trusdell, 92 Mo. App. 377.]

In the first count the damages were laid at $10,000
and the important questions before us for solution re-
late to the effect of joining in one suit these two causes
of action. It has been held in this State that "where the
aggregate amount claimed in all of the counts brought
the cause within the jurisdiction of the court, it was suf-
ficient to confer jurisdiction over the subject-matter"
notwithstanding the amount claimed in each count was
below the sum of fifty dollars. [Smith v. County of
Clark, 54 Mo. 58; Fickle v. Railroad, 54 Mo. 219; Hunt
v. Hopkins, 66 Mo. 99; Needles v. Burke, 27 Mo. App.
211.] It is the amount claimed in the petition that de-
termines the question of jurisdiction and not the amount
of the recovery. When the jurisdiction of the circuit
court has once attached, it will not be divested by the
fact alone that the plaintiff has failed to establish a
part of his demands and has recovered on all of them
a sum less than fifty dollars. [Vineyard v. Lynch, 86
Mo. 684.]

It is urged by defendant that the dismissal by plain-
tiff of the first count was the voluntary abandonment

of the cause pleaded therein and therefore that cause could not serve to confer jurisdiction where none could exist without it. That would be true had plaintiff voluntarily dismissed the first count, for it would amount to a fraud on the jurisdiction of the court for a plaintiff to use an alleged cause of action for the sole purpose of bringing another within the jurisdiction of the court and, after that purpose had been accomplished, on his own motion to abandon the cause so employed. But the facts in the record before us disclose no such fraudulent purpose on the part of the plaintiff, but show that he acted in good faith in the prosecution of the cause pleaded in the first count. He went to trial and introduced his evidence to support the allegations of that count, but was compelled to dismiss, owing to adverse rulings of the trial court. The fact that he failed to establish his cause was of itself no indication of bad faith in its prosecution and consequently was without effect on the subject of jurisdiction.

But the serious question is, could the cause pleaded in the first count serve at any stage of the proceeding to confer jurisdiction over the subject-matter of the second count? In the cases we have cited, where it was held that the aggregate amount of the sums claimed in all the counts determines the question of jurisdiction, the suits involved none but causes that could be properly joined in one petition under the provisions of section 593, Revised Statutes 1899. But here we find an action *ex delicto* joined with one *ex contractu*. The statute does not permit this to be done. [Jamison v. Copher, 35 Mo. 483; Southworth Co. v. Lamb, 82 Mo. 242; Sumner v. Rogers, 90 Mo. 324; O'Riley v. Diss, 48 Mo. App. 62.]

Defendant did not demur to the petition, nor did it in any manner raise the question of a misjoinder of causes of action before verdict. It waived the objection that two causes of action were improperly united in one

suit. [Fadley v. Smith, 23 Mo. App. 87; House v. Lowell, 45 Mo. 381; Southworth v. Lamb, supra.]

But by such waiver it did not confer jurisdiction where none before existed. Jurisdiction over the subject-matter of an action cannot be given by consent of the parties. The law alone prescribes the matters each court may determine. [Brown v. Woody, 64 Mo. 547; Tippack v. Briant, 63 Mo. 580; 12 Am. and Eng. Ency. of Law, 305.] In order that two or more claims may be united to make the jurisdictional amount, they must belong to a class that under the statute will permit them to be properly joined in one suit and not such as should be made the subject of independent suits. [1 Am. and Eng. Ency. Pl. and Pr., 722.]

Had defendant, instead of answering to the merits, demurred to the petition on the ground of misjoinder of causes of action, plaintiff would have been compelled to elect between them and, had he chosen to dismiss the first count, it cannot be denied that the court then would have had no jurisdiction over the cause pleaded in the second count and so it is clear that no jurisdiction thereof attached by the mere bringing of the suit, as it does in cases where the several causes properly may be united.

It must follow that as jurisdiction over the cause asserted in the second count did not vest in the circuit court prior to defendant's waiver of the objection to the misjoinder and as jurisdiction over the subject-matter cannot be conferred by consent, nor acquired through any subsequent act of either of the parties, defendant's failure to object in proper and timely manner to the misjoinder was without effect on the subject of jurisdiction. [Sumner v. Rogers, 90 Mo. 1. c. 330; Wells on Jurisdiction of Courts, sec. 107.] And the judgment entered on the second count must be declared void for want of jurisdiction over the subject-matter.

The judgment is reversed. All concur.