State of Missouri at the relation of Jacob Adler et al., Relators, v. James M. Douglas, John W. Joynt and Granville Hogan, Judges of the Circuit Court, City of St. Louis.—95 S. W. (2d) 1179.

Court en Banc, July 2, 1936.

*Strubinger, Tudor & Tombrink* for relators.

*Geers & Geers* and *Foristel, Mudd, Blair & Habenicht* for respondents.

FRANK, J.—Prohibition: Relator seeks to prohibit the Circuit Court of the City of St. Louis from further proceeding with a certain cause pending in that court. On filing of relators' petition we issued our provisional rule in prohibition. Respondents demurred to relators' petition and moved to discharge the provisional rule. The demurrer and motion being overruled, the cause was docketed for hearing and has been orally argued and submitted.

The facts giving rise to this controversy are, in substance, as follows:

The cause pending in the circuit court, the trial of which relators seek to prohibit, is a suit against several thousand subscribers or policyholders in a reciprocal insurance association to collect from each of them a special assessment, the total amount of which approximates the sum of $400,000. The petition in that cause alleges that the Federal Automobile Insurance Association and/or Federal Automobile Insurance Underwriters was an association of subscribers engaged in exchanging reciprocal insurance contracts. I confess I do not know what is meant by the use of the phrase "and/or." There is no reason why a statute, contract or legal document of any kind cannot be stated in plain English. The use of the symbol "and/or" has been condemned by some courts and should be condemned by every court. In Compton v. State, 91 S. W. (2d) 732, a Texas court had the following to say of its use:

"At the very threshold of this case, we are confronted with the onerous task of determining what is meant by the word or symbol 'and/or' appearing in the indictment. If the pleader meant the conjunctive, he should have employed the word 'and;' but if he meant to express the disjunctive, he should have used the word 'or;' to use both leads to uncertainty and confusion. The primary requisite of criminal pleading is definiteness and certainty, so that nothing is left to inference or intendment. The American Bar Association Journal, in commenting on the growing use of 'and/or,' said: 'It is indicative of confused thought and should have no place in either statute or legal document as "and/or" makes confusion worse confounded.' In the case of Tarian v. National Surety Company, 268 Ill. App. 232, the court speaking through Justice O'CONNOR, said: 'The use of this symbol arises in part from a doubt as to which of the

two-words should be used. Is it any solution of this doubt to leave the question to be solved by construction at a later time? We venture the assertion that any man who knows the meaning of the two words and the established distinctions in their use can take a modern contract or statute, bristling with this symbol, strike out every one of them and substitute the proper one of the two words, to the great clarification of the meaning of the instrument or act.' ''

All of the documents in the instant case as well as the petition therein abound in the use of the phrase "and/or." Wholly ignoring the use of this meaningless symbol, it may be gathered from the petition that the several thousand defendants who are sued in the court below, were an association of persons engaged in exchanging insurnace contracts. ■ If we disregard the use of the symbol "and/or" and forget the names of the entities which are supposed to constitute this collection of persons, and refer to them as "The Association of Subscribers" the reader will then know what we are talking about. Each person upon becoming a member of "The Association of Subscribers" signed a written document appointing the Federal Underwriters Incorporated as his attorney in fact. The Association of Subscribers was organized under the laws of Indiana with its home office in Indianapolis. It was authorized to and did transact the business of reciprocal or inter-insurance and the subscribers exchanged indemnity contracts in Missouri during the years of 1924, 1925, 1926 and 1927. As a condition to receiving authority to transact business in Missouri, the subscribers appointed the Superintendent of the Insurance Department of Missouri as agent upon whom service of process may be had, in any suit, action or proceeding brought upon any contract of insurance, or instituted against any subscriber upon any claim, demand or suit arising out of his contract of insurance. The losses of the association are paid by premiums collected from the subscribers. Each subscriber's liability is definitely limited by his contract of insurance. The liability is several and not joint. Each subscriber agrees to advance for his credit with the attorney in fact a fixed amount for the purpose of exchanging indemnity as contemplated in his contract. His further liability is limited to an amount which shall in no event exceed or be extended beyond one additional full annual premium deposited during any one year.

The character of insurance business conducted by defendants, as alleged in plaintiff's petition, is that contemplated and provided for in Missouri in Article 11, Chapter 37, Revised Statutes 1929. Section 5969, Chapter 37, provides for service of process upon the Superintendent of Insurance in all suits in this State arising out of such policies, contracts or agreements, which shall be binding upon all subscribers.

On March 2, 1928, "The Association of Subscribers" was found

to be insolvent by the Superior Court of Marion County, Indiana, and one Garrett W. Olds was by said court duly appointed as receiver of the funds, assets, property and rights of action belonging to "The Association of Subscribers." Said receiver thereupon qualified as such and entered upon the discharge of his duties. Thereafter in an action brought in the Circuit Court of the City of St. Louis for that purpose, one Rodowe H. Abeken was appointed as ancillary receiver to assist Garrett W. Olds, domiciliary receiver, in collecting, conserving and administering the estate and assets of said Association of Subscribers in the State of Missouri. Said ancillary receiver qualified as such and entered upon the discharge of his duties. Thereafter on the petition of said ancillary receiver the Circuit Court of the City of St. Louis authorized and empowered him to levy, assess and collect from each subscriber or policyholder in the State of Missouri, one full additional annual premium for each of the years 1924, 1925, 1926 and 1927, and to take the necessary legal steps to collect such assessments. Pursuant to such authority the ancillary receiver levied one additional annual assessment against each subscriber in Missouri for the years above named, notified each subscriber of such levy, and demanded payment thereof which was not made.

Thereafter, in one action instituted in the Circuit Court of the City of St. Louis, the ancillary receiver sued all of the subscribers in the State of Missouri, each for the amount of the additional assessments levied against him. One writ of summons was issued to the sheriff of Cole County, Missouri, and served upon the Superintendent of Insurance. The defendants defaulted. While the judgment rendered appears as one document, it adjudged a separate amount against each defendant. The total of the amounts rendered against each of several thousand defendants approximates $400,000. After this judgment was rendered, the cause was reviewed by this court on certiorari and the judgment was quashed on the ground that the trial court had no jurisdiction of the person of defendants because the summons was not served upon the Superintendent of Insurance in the manner provided in Section 5969, Revised Statutes 1929. [See State ex rel. Adler v. Ossing, 336 Mo. 386, 79 S. W. (2d) 255.]

After the judgment was quashed by this court, the sheriff of Cole County, by leave of the circuit court, amended his return and the return as amended shows that the summons was served on the Superintendent of Insurance in the manner provided in said Section 5969. After this amendment was made, the plaintiff began taking steps looking to a retrial of the cause in the circuit court, which steps were halted by our provisional rule in prohibition. The question now before us is whether this provisional rule should be discharged or made absolute.

There are several thousand defendants in the suit below. Each defendant has a separate contract or policy of insurance which definitely fixed the amount of his liability. Although the defendants are all joined in one suit, there is no joint liability. A several judgment is sought against each defendant in the amount set opposite his name in the petition, which, in each instance, is the amount of the additional annual assessments levied against him by the ancillary receiver. The various claims sued for differ in amount. This is no doubt due to the fact that the defendants did not all carry the same kind or amount of insurance.

It clearly appears from plaintiff's petition that his cause of action as ancillary receiver, if any, is a separate cause of action against each policyholder to recover the amount of special assessments levied against him, which, under the statute, cannot be joined in one action. This being true, there is no doubt but what plaintiff's petition shows not only a misjoinder of parties but also a misjoinder of causes of action. The ancillary receiver does not contend otherwise. His answer to the claim of misjoinder is that a question of misjoinder is a matter of procedure which may be waived if not timely raised, and, therefore, furnishes no ground for prohibition.

■ The question in this case goes deeper than the waiver of a misjoinder of causes of action. The minimum monetary jurisdiction of the circuit court in cases of this character is fifty dollars. In the suit below the great majority of the several thousand defendants are sued for less than fifty dollars. The claims against each of the remaining defendants are in excess of fifty dollars. So the question is, can the numerous claims, each less than fifty dollars and each against separate defendants, be joined together or joined with claims above fifty dollars against other separate defendants, and thereby give the court jurisdiction of the subject matter of the action? We say not. To hold otherwise would permit a plaintiff who had several claims, each for less than fifty dollars, and each against separate defendants, to confer jurisdiction of the subject matter upon the circuit court by his voluntary act in joining the claims in one suit. Jurisdiction of the subject matter cannot be conferred by the voluntary act of the parties. The defendants' failure to raise the question of misjoinder would not change the situation. Jurisdiction of the subject matter cannot be conferred by waiver or consent of the parties.

A number of claims, each less than the minimum monetary jurisdiction of the circuit court, may not be united to make the jurisdictional amount, unless they belong to a class which, under the statute, may be properly united in one action.

The conclusion we have reached is supported by authority in this State. [See Barnes. v. Railroad, 119 Mo. App. 303, 306-7, 95 S. W. 971.] The petition in that case was in two counts.

The first count was an action in tort in which the damages were laid at $10,000. The second count was an action on contract in which judgment was asked in the sum of $26. Defendant did not raise the question of misjoinder of causes of action. During the trial plaintiff dismissed the cause of action stated in the first count. In disposing of the question of jurisdiction, that court said:

"But the serious question is, could the cause pleaded in the first count serve at any stage of the proceeding to confer jurisdiction over the subject-matter of the second count? In the cases we have cited, where it was held that the aggregate amount of the sums claimed in all the counts determines the question of jurisdiction, the suits involved none but causes that could be properly joined in one petition under the provisions of Section 593, Revised Statutes 1899. But here we find an action *ex delicto* joined with one *ex contractu*. The statute does not permit this to be done. [Jamison v. Copher, 35 Mo. 483; Southworth Co. v. Lamb, 82 Mo. 242; Sumner v. Rogers, 90 Mo. 324; O'Riley v. Diss, 48 Mo. App. 62.]

"Defendant did not demur to the petition, nor did it in any manner raise the question of a misjoinder of causes of action before verdict. It waived the objection that two causes of action were improperly united in one suit. [Fadley v. Smith, 23 Mo. App. 87; House v. Lowell, 45 Mo. 381; Southworth v. Lamb, supra.]

"But by such waiver it did not confer jurisdiction where none before existed. Jurisdiction over the subject-matter of an action cannot be given by consent of the parties. The law alone prescribes the matters each court may determine. [Brown v. Woody, 64 Mo. 547; Tippack v. Briant, 63 Mo. 580; 12 Am. and Eng. Ency. of Law, 305.] In order that two or more claims may be united to make the jurisdictional amount, they must belong to a class that under the statute will permit them to be properly joined in one suit and not such as should be made the subject of independent suits. [1 Am. and Eng. Ency. Pl. and Pr., 722.]

"Had defendant, instead of answering to the merits, demurred to the petition on the ground of misjoinder of causes of action, plaintiff would have been compelled to elect between them and, had he chosen to dismiss the first count, it cannot be denied that the court then would have had no jurisdiction over the cause pleaded in the second count and so it is clear that no jurisdiction thereof attached by the mere bringing of the suit, as it does in cases where the several causes properly may be united.

"It must follow that as jurisdiction over the cause asserted in the second count did not vest in the circuit court prior to defendant's waiver of the objection to the misjoinder and as jurisdiction over the subject-matter cannot be conferred by consent, nor acquired through any subsequent act of either of the parties, defendant's failure to

object in proper and timely manner to the misjoinder was without effect on the subject of jurisdiction." [See, also, 15 C. J., p. 768, sec. 64, and cases cited in note.]

For the reasons stated, we hold the circuit court did not have jurisdiction of the subject matter of the action. This being true, it is not necessary to discuss or determine other questions raised. The provisional rule in prohibition should be made absolute. It is so ordered. All concur.