

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

*See C-194*

April 29, 1950

Hon. D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Opinion No. V-1049.

Re: The legality of issuing
a motor vehicle certif-
icate of title to "John
Doe <u>or</u> Mary Doe" or "John
Doe <u>and/or</u> Mary Doe".

Dear Sir:

  Your request for an opinion inquires as to wheth-
er your Department is authorized to issue a certificate of
title of a motor vehicle based upon an application which in-
dicates ownership thereof to be alternatively joined between
two or more persons joined by "or" or joined by "and/or".

  We are not called upon to construe certificates
of title already issued in the foregoing manner, but you
only inquire as to the propriety of future issuance.

  It is recognized in Texas that a certificate of
title constitutes the primary and controlling evidence of
title after a motor vehicle has been sold for the first time.
<u>Elder Chevrolet Co. v. Bailey County Motor Co.</u>, 151 S.W.2d
938 (Tex. Civ. App. 1941); <u>Manning v. Miller</u>, 206 S.W.2d 165
(Tex. Civ. App. 1947); 60 C.J.S. 180, Motor Vehicles, Sec.
42. Title of a motor vehicle means ownership, and of neces-
sity requires certainty and definiteness. Under Article
1436-1, V.P.C., the "Certificate of Title Act", provision
is made for a continuous chain of title or ownership from
manufacture to junking or destruction.

  The Certificate of Title Act provides that before
selling any motor vehicle required to be registered or li-
censed in this State "the <u>owner</u> shall make application. . .
for a certificate of title", and "no motor vehicle may be
disposed of at a subsequent sale unless the <u>owner designated
in the certificate of title</u>" shall transfer the certificate
of title on the form prescribed by State Highway Department.
See Article 1436-1, Sections 27 and 33, V.P.C.

  Under Section 4, "Owner" is defined as including:

"The term 'Owner' includes any person, firm, association, or corporation other than a manufacturer, importer, distributor, or dealer claiming title to, or having a right to operate pursuant to a lien on a motor vehicle after the first sale as herein defined, except the Federal Government and any of its agencies, and the State of Texas and any governmental subdivision or agency thereof not required by law to register or license motor vehicles owned or used thereby in this State."

Under Section 24, the "Certificate of Title" must include:

"The term 'Certificate of Title' means a written instrument which may be issued solely by and under the authority of the Department, and which must give the following data together with such other data as the Department may require from time to time:

"(a) The name and address of the purchaser and seller at first sale or transferee and transferer at any subsequent sale.

". . .

"(1) A space for the signature of the owner and the owner shall write his name with pen and ink in such space upon receipt of the certificate."

An examination of the foregoing indicates that certainty of ownership is required under Article 1436-1. Use of the conjunction "or" between two represented persons in the capacity of the "owner" creates an alternative or choice between such expressed persons, and does not constitute the certainty which is required under that statute. Of course, joint ownership is not precluded, but use of the conjunction "or" does not create joint ownership, it creates an alternative ownership, if anything, which would lead to uncertainties of conveyancing and of creditors' rights which were precisely intended to be eliminated by Article 1436-1.

You next inquire whether you may issue a certificate of title in the name of persons joined conjunctively on the application by the phrase "and/or".

In American General Insurance Co. v. Webster, 118 S.W.2d 1082 (Tex. Civ. App. 1938, error dism.), the following language is found which is quite appropriate to the use of "and/or" in a certificate of title or elsewhere:

"Incidentally, we will remark that we would probably be warranted in considering that part of the sentence following 'and/or' as meaningless, for to our way of thinking the abominable invention, 'and/or', is as devoid of meaning as it is incapable of classification by the rules of grammar and syntax."

The Supreme Court of Missouri condemned the use of "and/or" in State v. Douglas, 339 Mo. 187, 95 S.W.2d 1179 (1936), saying:

". . . I confess I do not know what is meant by the use of the phrase 'and/or.' There is no reason why a statute, contract, or legal document of any kind cannot be stated in plain English. The use of the symbol 'and/or' has been condemned by some courts and should be condemned by every court. In Compton v. State (Tex.Cr.App.) 91 S.W.(2d) 732, 733, a Texas court had the following to say of its use: 'At the very threshold of this case, we are confronted with the onerous task of determining what is meant by the word or symbol "and/or" appearing in the indictment. If the pleader meant the conjunctive, he should have employed the word "and"; but if he meant to express the disjunctive, he should have used the word "or"; to use both leads to uncertainty and confusion. The primary requisite of criminal pleading is definiteness and certainty, so that nothing is left to inference or intendment. The American Bar Association Journal, in commenting on the growing use of "and/or," said: "It is indicative of confused thought and should have no place in either a statute or legal document as 'and/or' makes confusion worse confounded.'. . ."

Such an expression is neither conjunctive nor disjunctive, and is, we think, without that degree of

Hon. D. C. Greer, Page 4, V-1049.


certainty required under Article 1436-1 for the expression of ownership of a motor vehicle.

### SUMMARY

The State Highway Department is not authorized to issue a certificate of title to a motor vehicle in the name of multiple owners joined disjunctively as owners on the certificate of title by "or" or by "and/or". Art. 1436-1, Secs. 4,24,27,33, V.P.C.

Yours very truly,

APPROVED:

Ned McDaniel
State Affairs Division

Joe R. Greenhill
First Assistant

PRICE DANIEL
Attorney General

By Dean J. Capp
Dean J. Capp
Assistant

DJC:jmc