ELLIS, Judge.
This case is before us on appeal from a decision of the Nineteenth Judicial District Court overruling defendants’ plea of prescription and granting judgment for plaintiff as prayed for. The case was submitted to the lower court solely on following stipulation of facts:
•“1. That, C. J. Normand entered into a contract with Louisiana Department of Highways for construc- , "lion of a highway known as Project 81S-0S-06, Eva-Northwest Highway, in Concordia Parish and Trinity Universal Insurance Company issued the surety bond thereon. The contract and bond are recorded in Concordia Parish in ' MOB E-5, Folio 393.
2. That C. J. Normand received from Marquette Cement Manufacturing Company, Inc. Five Thousand Two Hundred Eighty-eight and 7/100 barrels of cement, all of which was delivered between September 18, 1962 and November 2, 1962.
3. That the value of the cement amounted to Twenty-One Thousand Nine Hundred and 49/100 ($21,900.49) Dollars and all of that sum has been paid except Five Thousand Nine Hundred and 49/100 ($5,900.49) Dollars.
4. That it is agreed by C. J. Normand the sum of Five Thousand Nine Hundred and 49/100 ($5,900.49) Dollars is the correct amount as sued for in this particular matter.
5. That the Louisiana Department of Highways for the State of Louisiana did accept as completed Project No. 815-05-06, and filed ■and recorded said acceptance April
15, 1963 in the Parish of Con-cordia.
6. That a petition was filed on August 14, 1964 in behalf of Marquette Cement Manufacturing Company, Inc. demanding the sum of Five Thousand Nine Hundred and 49/100 ($5,900.49) Dollars from said C. J. Normand and Trinity Universal Insurance Company.
7. That Marquette Cement Manufacturing Company, Inc. did file an affidavit in lien in the Parish of Concordia in MOB K-5, Folio 522 which lien was dated April 19, 1963.
8. That Trinity Universal Insurance Company filed in Concordia Parish a bond to release Marquette Cement Manufacturing Company, Inc.’s lien as recorded in Con-cordia Parish Mortgage Office, Book K-5, Folio 522.
9. That the running of the one year’s prescriptive period is the point at issue to be submitted to the court.”
Involved herein are an understanding and interpretation of Acts 15 and 16, 1962, designated as R.S. 38:2189 of Chapter 10, “Part I — General Provisions” and R.S. 38:-2247 of Chapter 10, “Part III — Claims of Materialmen and Laborers on Public Works”, respectively. Those sections of the Louisiana Revised Statutes are set forth as follows:

RS. 38:2189:

“Any action against the contractor on the contract or on the bond or against the contractor and/or the surety on the bond furnished by the contractor, all in connection with the construction, alteration or repair of any public works let by the state or any of its agencies, boards or subdivisions shall prescribe three years from the registry of acceptance of such work or of notice of default of the contractor unless otherwise *397 limited in this said chapter.” (Emphasis added.)

R.S. 38:2247:

“Nothing in this Part shall be construed to deprive any person or claimant within the terms of this Part of his right of action on the contractor’s bond which shall accrue at any time after maturity of his claim, which said action must be brought against the surety or the contractor within one year from the registry of acceptance of the work or of notice of default of the contractor; except that before any person having a direct contractual relationship with a subcontractor but no contractual relationship with the contractor shall have a right of action against the contractor or the surety on the bond furnished by the contractor, he shall record his claim as provided in R.S. 38:2242 or give written notice to said contractor within forty-five days from the recordation of the notice of acceptance by the owner of the work or notice by the owner of default, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor or service was done or performed. Such notice shall be served by mailing the same by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office in the state of Louisiana.” (Emphasis added.)
Both parties agree that these two statutory provisions are not in conflict but disagree as to which is applicable to this case, Appellee contends that R.S. 38:2189 which provides a general three year prescription should control, reasoning that R.S. 38:2247 refers to the provoking of a concursus proceeding only and that it does not otherwise affect the right of a materialman to press an ordinary action against the contractor and/or surety. Conversely, appellant relies on R.S. 38:2247 which is in Part III of Chapter 10 of Title 38, the part specifically dealing with “Claims of Materialmen and Laborers on Public Works.” Section 2247 establishes a one year prescriptive period. Appellant argues the inapplicability of 2189 on the theory that it applies only to actions brought by the owner or public body “on the contract”, that is to resolve disputes concerning the quality or quantity of the work. Appellant also calls attention to the qualifying language in 2189 “ * * * unless otherwise limited in this said chapter” and argues that the exception is to be found in 2247 and that it is applicable here. We agree with this argument. In our opinion the decision of the lower court should be reversed and the prescriptive period of one year established by R.S. 38:2247 held applicable.
Part III of Chapter 10 of Title 38 deals specifically with materialmen’s and laborer’s liens. It is quite true that a concursus proceeding is contemplated by Part III. R.S. 38:2243 even goes as far as to impose a duty on the governing authority to file such a proceeding after the expiration of forty-five days, “if any filed and recorded claims are unpaid,” though there appears to be no penalty for not doing so. However, Section 2247 which purports to provide direction for the construction of the whole of Part III clearly states that “Nothing in this Part * * (the concursus proceeding) “ * * * shall be construed to deprive any person or claimant within the terms of this Part of his right of action * * (Emphasis added.)
The argument that the one year prescription set forth in 2247 refers only to a con-cursus proceeding is unsound because that section indicates that even in the absence of such a proceeding the claimant shall not be deprived of his “* * * right of action on the contractor’s bond * * * which said action must be brought * * * within one year * * The Legislature could only have intended that a claimant have the benefits of a concursus proceeding or the right to bring an ordinary *398 suit as plaintiff has done here. In either event, insofar as materialmen and laborers are concerned, their action prescribes in one year.
Additional support is found for this conclusion in the words “ * * * within the terms of this Part * * * ” found in 2247. These words refer to Part III which deals with materialmen and laborers. Plaintiff, a materialman, is a claimant within the area covered by Part III, attempting to enforce a right on the bond by an independent action contemplated and specifically preserved by 2247. He cannot, therefore, look to the general provisions dealing with prescription of actions on public contracts, especially when those general provisions specifically 38:2189 provide a three year prescriptive period, “unless otherwise limited in this said chapter” and R.S. 38:2247 of Chapter 10, Part III covering claims of materialmen and laborers on public works specifically provides that an action by fur-nisher of material or labor “must be brought against the surety or the contractor within one year * * The plea of prescription of one year filed herein should have been sustained.
Having determined that the specific provisions and one year prescription of 2247 are here applicable, it is unnecessary to consider appellants’ arguments concerning the types of actions which may prescribe in three years under 2189. Accordingly the judgment of the lower court is hereby reversed and the plea of prescription is sustained and plaintiff’s suit dismissed at its cost.
Reversed.