192 So.2d 552

**MARQUETTE CEMENT MANUFACTUR-
ING COMPANY, Inc.**

v.

**C. J. NORMAND and Trinity Universal
Insurance Company.**

No. 48175.

Dec. 12, 1966.

Benton & Moseley, Edward Donald Mose-
ley, Baton Rouge, for plaintiff-appellee-re-
lator.

Seale, Hayes, Smith & Baine, Edward C. Seghers, Baton Rouge, for defendant-appellant-respondent.

SANDERS, Justice.

The sole question presented by this case is whether the one-year prescription of LSA–R.S. 38:2247 applies to a materialman's suit against a surety on a public work contractor's bond.

The facts are stipulated: C. J. Normand, a highway contractor, contracted with the Louisiana Department of Highways to construct the Eva-Northwest Highway in Concordia Parish. The Trinity Universal Insurance Company became surety on the contractor's bond. The contract and bond were duly recorded in Concordia Parish.

Marquette Cement Manufacturing Company, Inc., plaintiff herein, sold cement to the contractor, on which there is a balance due of five thousand nine hundred and 49/100 ($5,900.49) dollars.

The Louisiana Department of Highways recorded its formal acceptance of the completed work on April 15, 1963.

Marquette filed this suit against the contractor and surety on the contractor's bond on August 14, 1964, more than a year after registry of the acceptance. The defendant surety pleaded the one-year prescription under LSA–R.S. 38:2247.

The district court overruled the plea of prescription and rendered a solidary judgment against the contractor and his surety. Only the surety appealed.

The Court of Appeal reversed the district court judgment against the surety and sustained the plea of prescription. 186 So.2d 395. We granted certiorari to review the judgment. 249 La. 373, 186 So.2d 626.

As enacted by Act No. 15 of 1962, LSA–R.S. 38:2189 provides:

"Any action against the contractor on the contract or on the bond or against the contractor and/or the surety on the bond furnished by the contractor, all in connection with the construction, alteration or repair of any public works let by the state or any of its agencies, boards or subdivisions shall prescribe three years from the registry of acceptance of such work or of notice of default of the contractor *unless otherwise limited in this said chapter.*" (Italics ours).

As revised through Act No. 16 of 1962, LSA–R.S. 38:2247 reads in part:

"Nothing in this Part shall be construed to deprive any person or claimant within the terms of this Part of his right of action on the contractor's bond which shall accrue at any time after maturity of his claim, which·said action must be brought against the *surety the contractor* within one year from the registry of acceptance of the work or of notice of default of the contractor[1] * * *." (Italics ours).

1. The enrolled statute (Act 16 of 1962) reads, *"against the surety and/or the contractor."*

■ These two prescriptive statutes, both enacted by the 1962 Legislature, compete for application here. One establishes a prescription of three years; the other, one year. Our choice between the two must be guided by the principle stated in Chappuis v. Reggie, 222 La. 35, 62 So.2d 92:

"* * * [W]here two acts relating to the same subject are passed at the same legislative session, there is a strong presumption against implied repeal, and they are to be construed together, if possible, so as to reconcile them, giving effect to each. * * *"

Plaintiff Marquette asserts that its suit is timely under LSA–R.S. 38:2189, establishing the three-year prescriptive period. It reasons that the one-year period of Section 2247 applies only to concursus proceedings or to bond actions against the surety alone. Hence, plaintiff submits, the one-year prescription is foreign to a suit by a materialman on the contractor's bond against both the surety and contractor.

The defendant surety asserts that LSA–R.S. 38:2247 specifically establishes the one-year prescription for suits by materialmen on a contractor's bond. Hence, it maintains, the general three-year prescription of Section 2189 is inapplicable, since it is restricted to actions not "otherwise limited in this chapter."

LSA–R.S. 38:2189 is included in Part I of the chapter on public contracts, a part containing general provisions. Section 2189 establishes a general prescription of three years. It applies to any action against the contractor on the contract or against the "contractor and/or surety" on the bond, arising from the construction of public works. But the section contains an important restriction: it is inapplicable if a different prescriptive period is fixed elsewhere in the chapter.

LSA–R.S. 38:2247 is included in Part III, dealing with the claims of materialmen and laborers. This part contains detailed provisions for the preservation of such claims and the filing of concursus proceedings to expedite payment of claimants. LSA–R.S. 38:2247, the final section, deals with the interpretation of Part III. It specifically provides that nothing in the part shall be construed to deprive "any person or claimant within the terms of this Part of his right of action on the contractor's bond". The section then establishes a one-year prescriptive period for such an action.

Marquette's initial argument that the prescription of Section 2247 refers only to concursus proceedings is untenable. The statutory language is clear. It refers to an action by a materialman or laborer on the contractor's bond.

Marquette also maintains that the section applies only to actions against the surety alone and, consequently, does not affect the present suit against both the surety and

contractor. It points to the language of LSA–R.S. 38:2247: "against the surety *or* the contractor".

 As enacted by the Legislature, Act No. 16 of 1962 reads: "against the surety and/or the contractor". Much controversy has raged over the use of the hybrid phrase "and/or" in statutory drafting. See State v. Dudley, 159 La. 872, 106 So. 364; Eysink v. Board of Sup'rs of Jasper County, 229 Iowa 1240, 296 N.W. 376; State ex rel. Adler v. Douglas, 339 Mo. 187, 95 S.W.2d 1179; and 18 A.B.A.J. 456. As used in the present statute, this linguistic device indicates that the word "and" and the word "or" interchange to form both the conjunctive and disjunctive. It refers to the contractor and surety, or either of them. See Davison v. F. W. Woolworth Co., 186 Ga. 663, 198 S.E. 738, 118 A.L.R. 1363; 50 Am. Jur., Statutes, § 283, p. 269; Annotation, 118 A.L.R. 1363. The formal change to the inclusive "or" in placing the Act in the Revised Statutes does not alter the statutory meaning. LSA–R.S. 24:253. The statute applies to a bond action against the surety, whether the surety is sued alone or jointly with the contractor. No exclusion from the one-year prescription arises from the joinder of the additional defendant. Hence, plaintiff's argument is unfounded.

We hold, as did the Court of Appeal, that the one-year prescription established by LSA–R.S. 38:2247 applies to this

action. Hence, the Court of Appeal properly dismissed the suit.

For the reasons assigned, the judgment of the Court of Appeal is affirmed. All costs are assessed against plaintiff.

192 So.2d 554