220 So.2d 583 (1969)
TRINITY UNIVERSAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
C. J. NORMAND, Defendant-Appellee.
No. 2630.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1969.
Rehearing Denied April 8, 1969.
*584 Seale, Smith & Baine, by E. C. Seghers, Baton Rouge, for plaintiff-appellant.
Roy, Roy & Roy, by Chris J. Roy, Marksville, for defendant-appellee.
Before TATE, SAVOY and HOOD, JJ.
SAVOY, Judge.
Plaintiff filed suit against defendant for a money judgment resulting from certain sums it paid on behalf of defendant as a result of defendant not paying certain creditors on a State of Louisiana Highway Project. Plaintiff was the surety on the bond signed by defendant with the State of Louisiana in order to obtain the highway job. Defendant filed an exception of vagueness which plaintiff complied with by amended petition. In this supplemental petition plaintiff itemized the payments made on behalf of the defendant.
Defendant denied generally the allegations of plaintiff's petition, and then assuming the position of plaintiff in reconvention, stated that he was not at fault in failing to fulfill his obligation on the State Highway job; that he was not allowed to continue the work because a suit had been filed by an individual against him and the Highway Department enjoining both parties from continuing with the project; that as a result of the work stoppage certain liens were filed against defendant; that plaintiff was aware of this, and that it was the duty of plaintiff to pay these creditors in order that defendant might obtain funds which were retained by the Highway Department owing to him on the project involved in this suit.
*585 Defendant-plaintiff in reconvention prayed for a money judgment against plaintiff-defendant in reconvention. After a trial on the merits judgment was rendered in favor of defendant-plaintiff in reconvention and against plaintiff-defendant in reconvention in the sum of $514.49. From this judgment plaintiff appealed. Defendant answered the appeal praying for an increase in the district court judgment.
In its amended petition plaintiff stated that it paid the following debts on behalf of defendant:

C. C. Wilson $ 394.00
Anderson-Dunham, Inc. 10,601.94
Mack & Anders Culverts, Inc. 1,941.16
Construction Materials, Inc. 1,123.39
Seale, Hayes, Smith & Baine 4,092.99
C. J. Normand 71.40
A. J. Moss Ins. Agency 10.20
National Surety Corporation 102.00
 __________
 $18,338.88

Plaintiff credited defendant with a credit from National Surety of $30.60, and $15,650.45, the amount plaintiff received on behalf of Normand from the Louisiana Highway Department, which credits total $15,681.05, leaving a balance owing to plaintiff of $2,656.03, the amount sued for in the instant case.
In the written agreement between plaintiff and defendant executed in connection with the surety bond furnished by the parties in favor of the State of Louisiana Highway Department, defendant assigned to plaintiff all retained payments in favor of defendant due him by the Highway Department on said road contract. Pursuant to this an agent for plaintiff received the amount due defendant by the Highway Department and paid the liens which were filed against defendant.
The trial judge determined that plaintiff received on behalf of defendant from the Highway Department the sum of $18,629.55 rather than the sum of $15,650.45 as alleged in its supplemental petition. He credited defendant Normand with $2,979.10. He also determined that the premium on the surety bond should be reduced for the reason that the premium on the bond was $1,754.86 on a preliminary estimate of $233,981.99. This was based on ¾% per $1,000.00 premium charged on the bond, whereas the actual amount of the contract was $208,446.39, and the actual premium should be $1,563.35. He allowed Normand a credit of $191.52, which is the difference between the estimated bond premium and the actual premium owing. He allowed defendant Normand judgment on his reconventional demand against Trinity Universal in the sum of $514.59.
Counsel for plaintiff complains that the trial court was in error in permitting testimony from a Highway Department witness to the effect that unpaid amounts of $18,629.55 were approved to be paid to Trinity. (Additionally, a letter of May 23, 1968, from the Highway Department auditor states this amount was remitted to Trinity.) The evidence from the Highway Department records was admissible to prove what monies owning on the Normand contract were paid to Trinity, and we find the evidence fully supports the trial court's finding that Trinity received this full amount.
Counsel for defendant complains that plaintiff was negligent in not paying the claims of Normand sooner. From an examination of the record we find that the agents were diligent in paying the lien holders. Normand did not keep any records, and it was difficult for plaintiff or its agents to verify the claims of the individual lien holders.
Counsel for defendant also complains of the sum of $4,092.99 paid to attorneys for plaintiff in connection with the surety contract.
The record reveals that one of the lien holders on the instant highway project, namely Marquette Cement Mfg. Co., filed a lien against defendant in the sum of *586 $5,900.49. Marquette instituted suit for said amount against Normand as contractor, and Trinity as surety. Counsel for Trinity filed a plea of one year prescription on its behalf, and on behalf of Normand. The plea of prescription was overruled, and the district judge rendered a solidary judgment against both parties. Trinity appealed. The Court of Appeal reversed and dismissed Marquette's suit. (La.App. 1 Cir., 186 So.2d 395.) Writ was granted by the Louisiana Supreme Court, and after a hearing in that court, it affirmed the judgment of the Court of Appeal. (249 La. 1027, 192 So.2d 552.) Had Marquette been successful, it would have recovered in addition to the principal sum, interest at the rate of 5% per annum from April 19, 1963, through January, 1966. LSA-C.C. Articles 1938 and 2924, plus court costs. The same attorneys did considerable additional work in connection with this suit, and by the terms of the surety agreement, defendant bound himself to pay these attorneys' fees.
For the reasons assigned, the judgment of the district court is affirmed at plaintiff's costs.
Affirmed.

On Rehearing.
En Banc.
PER CURIAM.
Normand, the defendant-appellee, applies for rehearing. Our original opinion held that Trinity is entitled to recover attorney's fees under the latter's surety agreement, by which Normand agreed to indemnify Trinity for losses, costs, and attorney's fees incurred in good faith as the result of Normand's failure to perform under his highway construction contract when Normand defaulted in his principal obligations under such contract. We find no reason to change our holding that Trinity has preponderantly proved its good faith in incurring such attorney's fees.
By its application, however, Normand now amplifies a contention we did not discuss that the amount of these attorney's fees so incurred were not proved by the best evidence. Normand argues that, to prove the expenditure of the $4,092.99 attorney's fees, it was incumbent upon Trinity to produce proof as to the amount of work performed, the reasonable value of the services, etc.
This may indeed be an appropriate method of proof when the court itself fixes the attorney's fees to be awarded. However, in the instant case, Normand had obligated himself to pay all attorney's fees incurred by Trinity in good faith as a result of his default.
To prove the amounts of these attorney's fees so paid, Trinity introduced cancelled checks showing payments in accordance with the statements of its attorneys in the total amount of $4,092.99 (including $191.45, Tr. 197, for reimbursement of advance court costs furnished by such attorneys). A party may prove the amount of damages or expenses to which he is entitled by testimony that he has paid the amounts, corroborated by introduction into evidence of the bills paid and identification of them as expenses incurred because of the opponent's default, without necessarily being required to introduce testimony of those who performed the work or repairs for which he paid. Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127; Gallioto v. Chisholm, La.App. 4th Cir., 126 So.2d 63, certiorari denied; Travelers Insurance Co. v. Quin, La.App.Orl., 92 So.2d 303; Hayes v. Illinois Central Railroad, La.App. 1st Cir., 83 So.2d 160. Such receipts so identified may be accepted as sufficiently proving the claim in the absence of contradictory evidence or other reason casting suspicion upon the amounts so proven.
Preferably, perhaps, Trinity might have proved these expenses by more detailed evidence. However, in the absence of contradiction or circumstances indicating unreasonableness or suspicion, the trial *587 court could properly accept these receipts, properly identified, as sufficiently proving the claim, especially since corroborated by evidence of the protracted litigation handled by Trinity's attorneys.
The application for rehearing further suggests that the sum of $191.45 was advanced as court costs for the present suit and was therefore improperly allowed as a credit to Trinity, since Trinity was cast for the costs herein. However, the draft shows it was paid per the statement of September 8, 1965, for advance costs in connection with earlier proceedings. The present suit was not filed until November 3, 1967.
For the reasons stated, the defendant-appellee's application for rehearing is denied.
Application for rehearing denied.