COVINGTON, Judge.
The primary question presented by this case is whether the one-year prescrip *456 tion of LSA-R.S. 38:2247[1] applies to a subcontractor’s suit against a surety on a public work contractor’s bond where the subcontractor did not complete the work under the subcontract until more than one year after the work had been accepted by the owner.
The pertinent facts are not in dispute. On May 9, 1975, Roussel-Hart General Contractors and the State of Louisiana, Louisiana Health and Human Resources Administration, entered into a public contract whereby the contractor agreed to furnish all labor, materials, tools, equipment, and other facilities, and perform all work necessary for additions and renovations to the Earl K. Long Memorial Hospital in Baton Rouge, Louisiana. This public contract was filed on May 9, 1975, along with a performance bond in favor of the State, as owner, with Fidelity and Deposit Company of Maryland as surety.
On May 12, 1975, Roussel-Hart, the contractor, entered into a subcontract with Hauserman, Inc. for certain casework in connection with the prime contract. Thereafter, Hauserman subcontracted with L. J. Voorhies Associates, Inc. Unfortunately, Voorhies defaulted on the subcontract, and Hauserman was called upon to complete the casework.
The State accepted the work on the Hospital as complete on May 17, 1977, and notice of the acceptance was filed in the mortgage records on May 27, 1977.
However, a punch list was prepared by the State and submitted to Roussel-Hart, who, in turn, gave the list to Hauserman, showing the defective items which had to be completed before the $17,181.30, retained by the State, would be paid to Hauserman.
Hauserman undertook the work on the punch list items, and, according to its installation superintendent, completed them in April of 1978. Roussel-Hart refused or failed to pay to Hauserman the balance due and this suit followed on November 29, 1978, against the contractor and its surety.
The defendants filed a general denial and asserted that the alleged subcontract was the best evidence to its terms. Thereafter, defendant surety filed an exception of prescription of one year under LSA-R.S. 38:2247.
When the exception came on for hearing, the trial court maintained the exception of prescription, with written reasons, and rendered judgment dismissing the suit of Hau-serman, Inc. against the surety, Fidelity and Deposit Company of Maryland. The plaintiff devolutively appealed this judgment.
It is appellant’s first position that LSA-R.S. 38:2247 means that a claimant has one year from “maturity of his claim” in which to bring suit on his subcontract. On this point, Hauserman argues that any claim it might have asserted prior to its completion of the punch list items would have been premature; it is only after work is fully complete that a subcontractor may sue for payment under the contract. Levingston Supply Company, Inc. v. American Employers Insurance Company, 216 So.2d 158 (La. App. 1 Cir. 1968). The Levingston case did not involve the question of whether a sub *457 contractor could sue for the balance due on its contract with the general contractor pri- or to the completion of all its work under its contract, but dealt with the question of whether the invoices of a materialman for material furnished to a subcontractor were due at the time the materialman’s lien was filed. Under the particular circumstances of the case, the Court found that the invoices were due, and that the filing of the materialman’s lien was not premature.
We find that the case of Marquette Cement Manufacturing Company, Inc. v. C. J. Normand, 249 La. 1027, 192 So.2d 552 (1966), is dispositive of the instant case. In Marquette there was an action against a highway contractor and his surety brought by a materialman who sold cement to the contractor for the balance due. The highway contractor had a highway construction contract with the State Department of Highways. The State recorded its acceptance of the completed work on April 15, 1963. The materialman filed its suit against the contractor and surety on August 14, 1964, more than one year after registry of acceptance. Defendant surety pleaded the one-year prescription under LSA-R.S. 38:2247. Plaintiff contended that the suit was timely under LSA-R.S. 38:2189, establishing the three-year prescriptive period. Plaintiff reasoned that the one-year prescription applied only to concursus proceedings or to bond actions against the surety alone. The Supreme Court held that the one-year prescription of LSA-R.S. 38:2247, not the longer prescription period of LSA-R.S. 38:2189, applied to an action by a materialman against a contractor and its surety for materials furnished, and hence a materialman’s action commenced more than one year after formal acceptance of the public work was barred by prescription. See also E. L. Burns Co., Inc. v. Cashio, 302 So.2d 297 (La.1974).
There is no basis for appellant’s argument for the applicability of the doctrine of contra non valentem agere nulla currit praescriptio. Hauserman was not lulled into any trap or false sense of security; the delay in collecting the balance due on the subcontract was attributable to the default of Hauserman’s own subcontractor, Voor-hies, and its own delay in completing the punch list items, and was not caused by the contractor or the contractor’s surety. The record does not support appellant’s assertion that Hauserman was led to believe it would be paid if, after substantial completion, it completely performed the work. The facts are that Hauserman had time to complete the punch list items within the statutory limitation and its failure to do so, and timely file suit, was its own fault. The subcontract was entered into May 12, 1975. Voorhies defaulted. Hauserman took over the casework; and according to the testimony of Mr. Ray Baggs, installation superintendent for Hauserman, the casework was completed April 4, 1978. Notice by owner of acceptance of work (especially to subcontractors) was given May 17,1977 and registered May 27, 1977.
In maintaining the prescription, the trial judge, in his written reasons for judgment indicated the following bases for his holding:
1.) The contract between Roussel-Hart and the State in connection with the renovation of the Earl K. Long Memorial Hospital dated May 9, 1975, and the performance bond in favor of the State were timely recorded in the office of the Clerk and Recorder of Mortgages for the Parish of East Baton Rouge, State of Louisiana, on May 9, 1975.
2.) On May 12, 1975, Roussel-Hart General Contractors entered into a subcontract with Hauserman, Inc., relative to certain work necessary in the prime contract.
3.) Hauserman, Inc., entered into a subcontract with L. H. Voorhies Associates, Inc., to do the work Hauserman had contracted to do with Roussel-Hart.
4.) Voorhies defaulted on its subcontract.
5.) Roussel-Hart called on Hauserman to complete the contract existing between the parties.
*458 6.) The State accepted the prime contract on May 17,1977, and registered the acceptance of the work on May 27, 1977, with the Clerk and Recorder of Mortgages for the Parish of East Baton Rouge, State of Louisiana.
7.) Hauserman completed its work on April 4, 1978 after the acceptance of the work on May 27, 1977.
8.) Hauserman filed its suit for the balance due under its contract with Roussel-Hart on November 29, 1978.
9.) The doctrine of contra non valentem agere nulla currit praescriptio is not applicable here, inasmuch as Hauser-man was not lulled into not filing its suit on this matter by any of the parties hereto, but the delay was attributable to its subcontractor, Voor-hies.
10.) LSA-R.S. 38:2247 provides that the suit on the contractor’s bond must be filed within one year from the registry of the acceptance of the work.
11.) Hauserman’s suit on contract was filed on November 29, 1978, which was more than one year from the date on which the acceptance of the work was registered, May 27, 1977.
We hold, as did the District Court, that the one-year prescription established by LSA-R.S. 38:2247 applies to this action by Hauserman, the subcontractor, against Fidelity and Deposit Company of Maryland, the surety on the public work contractor’s bond. Hence, the District Court properly dismissed the suit as to the surety.
For the reasons assigned, the judgment appealed is affirmed at appellant’s costs.
AFFIRMED.

. LSA-R.S. 38:2247 provides:
“Nothing in this Part shall be construed to deprive any person or claimant within the terms of this Part of his right of action on the contractor’s bond which shall accrue at any time after maturity of his claim, which said action must be brought against the surety or the contractor or both within one year from the registry of acceptance of the work or of notice of default of the contractor; except that before any person having a direct contractual relationship with a subcontractor but no contractual relationship with the contractor shall have a right of action against the contractor or the surety on the bond fumished by the contractor, he shall record his claim as provided in R.S. 38:2242 or give written notice to said contractor within forty-five days from the recordation of the notice of acceptance by the owner of the work or notice by the owner of default, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor or service was done or performed. Such notice shall be served by mailing the same by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office in the state of Louisiana.”