Dear Representative McDonald,
You have requested an opinion of the Attorney General on the interpretation of a portion of R.S. 40:1492 C. Paragraph C pertains to the levying of taxes and provides, in part, as follows:
 * * * However, the governing authority of the district shall be without authority to levy any previously authorized taxes in the new territory included within the boundaries of the districts as enlarged, unless such enlargement has occurred after petition therefor of a majority of the qualified electors of the area to be included and/or the question of such tax levy has been approved by a majority of the electors of the new territory so included voting in an election held for such purpose.* * * (Emphasis supplied).
In the case of Marquette Cement Mfg. Co., Inc. v. Normand,249 La. 1027, 192 So.2d 552 (La.Sup.Ct. 1966), the Louisiana Supreme Court observed:
 * * * As enacted by the Legislature, Act No. 16 of 1962 reads: "against the surety and/or the contractor". Much controversy has raged over the use of the hybrid phase "and/or" in statutory drafting. See State v. Dudley, 159 La. 872, 106 So. 364; Eysink v. Board of Sup'rs of Jasper County, 229 Iowa 1240, 296 N.W. 376; State ex rel. Adler v. Douglas, 339 Mo. 187, 95 S.W.2d 1179; and 18 A.B.A.J. 456. As used in the present statute, this linguistic device indicates that the word "and" and the word "or" interchange to form both the conjunctive and disjunctive. It refers to the contractor and surety, or either of them. * * * (192 So.2d 554). (Emphasis added).
Applying the language of that case to the language of Section 1492 we must conclude that the governing authority of the fire protection district may levy previously authorized taxes upon property contained in newly included territory if either, a) the enlargement occurred after a petition therefor by a majority of the qualified electors of the area that was included within the district, or b) the question of the levy has been approved by a majority of the electors of the new territory in an election.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: KENNETH C. DEJEAN Assistant Attorney General
KCD:ams 1483y