Dear Mr. Wilcox:
You asked us for our opinion on the status of Educational Facilities Improvement Districts (EFI) within the Parish of East Baton Rouge after the establishment of the separate Baker School District and Zachary School District. Specifically, you want this opinion to determine who may vote at a referendum to renew a certain sales and use tax for the EFI District associated with the East Baton Rouge Parish School District.
EFI Districts were created by the Louisiana Legislature in R.S. 33:2740.37. Applicable here is the provision contained in R.S. 33:2740.37(B)(1)(a), which reads as follows:
 "B. (1)(a) There is hereby created in the school districts in Tangipahoa, Livingston, East Baton Rouge, West Baton Rouge, Webster, Jefferson, Lafayette, Sabine, DeSoto, Red River, Richland, Morehouse, Madison, Tensas, Natchitoches, Winn, East Carroll, West Carroll, LaSalle, Grant, Caldwell, Franklin, Ouachita, and Bienville parishes, the city of Monroe, and the city of Baker, should a city of Baker municipal school system be established as provided by law, a political subdivision to be known as an educational facilities improvement district, hereinafter sometimes referred to as a `district'. Each district shall have boundaries coterminous with the respective school district."
As to the City of Baker School District, the above legislation explicitly creates an EFI District therein, if the City of Baker School District comes into being. The City of Baker School District, independent and separate from the school district existing for the rest of East Baton Rouge Parish, was authorized by R.S. 17:72 and 72.1 and did, in fact, come into existence, after approval from the appropriate electors and various federal authorities who oversee racial desegregation in parish elections and schools. Indeed, included with your request was proof of these facts. Thus, there is no doubt that the City of Baker School District exists separate and apart from the East Baton Rouge Parish School District, and under R.S. 33:2740.37(B)(1)(a), the City of Baker also has an EFI District which is separate and apart from the East Baton Rouge Parish EFI District and whose territorial boundaries are "coterminous" with the City of Baker School District.
R.S. 33:2740.37(E) authorizes each EFI District to levy and collect a onepercent sales and use tax within the district. It also provides,
 "However, the ordinance imposing said tax shall be adopted by the district only after the question of the imposition of the tax has been submitted to the qualified electors of the district at an election to be conducted in accordance with the election laws of the state of Louisiana, and the majority of those voting in the election have voted in favor of the imposition of the tax."
 Because the City of Baker School District now has its own EFI Districtthat is separate and apart from the East Baton Rouge Parish EFIDistrict, it is not included within the East Baton Rouge Parish EFIDistrict. Consequently, the electors within the territorial boundariesof the City of Baker EFI District will not vote to approve or disapproveof any sales and use tax levied by the East Baton Rouge Parish EFIDistrict, nor will the East Baton Rouge Parish EFI District's sales anduse tax, if approved by the voters of the East Baton Rouge Parish EFIDistrict, have any effect within the City of Baker EFI District. Such isour opinion.
 As to the City of Zachary School District, it is our opinion that it,too, has its own City of Zachary EFI District. Of course, unlike theCity of Baker School District, R.S. 33:2740.37 does not specifically andexplicitly mention by name the City of Zachary School District, but it isour opinion that the statutory language does not have to mention the Cityof Zachary School District by name for this provision to be applicable toit. It suffices that it is a school district within the Parish of EastBaton Rouge, and R.S. 33:2740.37(B)(1)(a) clearly reads that EFIdistricts are created Ain the school districts in East Baton Rougeparish. Moreover, that provision's mandate that each EFI District
Ashall have boundaries coterminous with the respective school districtclearly manifests a legislative intention that each school districtwithin the parishes mentioned will have its own EFI District. It is thislegislative sense of R.S. 33:2740.37(B)(1)(a) that, like all extantlegislation, it be continuing or abiding in effect and not merely aone-time snapshot creation of political subdivisions only in the years ofenactment or reenactment. Indeed, the legislation first establishing theCity of Zachary School District was Act 1027 of the 1999 Regular Sessionof the Louisiana Legislature (enacting, inter alia, R.S. 17:64 and64.1). And R.S. 33:2740.37(B)(1) was last amended and reenacted in thatsame session within Act 3 of the 1999 Regular Session. There is apresumption that, when the Legislature enacts two Acts in the samesession, it intends both Acts to be effective; consequently, theprovisions of the two Acts are to be construed as though they merelypresent different provisions within one Act — that is, they are tobe reconciled and given effect. See, for example, Marquette CementMfg. Co. v. Normand, 249 La. 1027, 192 So.2d 552 (La. 1966); City of NewOrleans v. Board of Sup'rs of Elections for Parish of Orleans, 216 La. 116,43 So.2d 237 (La. 1949); State ex rel. Pailet v. Board of Parole ofLouisiana, 151 La. 720, 92 So. 312 (La. 1922); St. Martin v. City of NewOrleans, 14 La. Ann. 113 (La. 1859). Accordingly, R.S. 33:2740.37(B)(1)and R.S. 17:64 and 64.1 are to be construed as though they containdifferent provisions within the one same Act.
 Furthermore, with your request, you present evidence that the City ofZachary EFI District was, in fact, created and is extensively operating.It proposed a tax, got approval from the bond commission, submitted a taxordinance to the voters of the City of Zachary EFI District, obtainedvoter approval, obtained federal voting rights approval, and effected thetax. Where a political subdivision is, in fact, created, anyoneattacking its creation as illegal bears a heavy burden to prove that itwas illegally created. We think that he would have obtained to show, inthis case, that the valid creation of the political subdivision wasvirtually impossible under the terms of the law purporting to create itor that the law creating it was clearly unconstitutional. See Milton v.Lincoln Par. Schl. Bd., 152 La. 761, 94 So. 386 (La. 1922).
 Because the City of Baker EFI District was specifically and explicitlycreated by the language of R.S. 33:2740.37(B)(1)(a) and the City ofZachary EFI District was not specifically and explicitly created (butrather was created implicitly only by terms of the general language ofthat provision), we suppose a weak argument can be made that, under themaxim inclusio unius est exclusio alterius [the inclusion of one is theexclusion of the other], the inclusion of creating specifically andexplicitly the City of Baker EFI District signifies a legislative intentto exclude the creation of the City of Zachary EFI District. But, in ouropinion, such an argument would be a misuse of this maxim. AThis maximexpresses a rule of construction and serves only as an aid in discoveringlegislative intent where such intent is not otherwise manifest. [citingcase], Garrison v. City of Shreveport, 179 La. 605, 613, 154 So. 622,624 (La. 1934) (rejecting application of the maxim with respect to whatmunicipal improvements were covered by a statute). Where the legislativeintent is otherwise made manifest by other words or parts in thestatute, this maxim has no application. Likewise, this maxim ofconstruction can only have application to a statute A[i]n the absence ofany other legislation on the subject, Schwing v. City of Baton Rouge,249 So.2d 304 (La.App. 1st Cir. 1971). In our opinion, according to thewords of R.S. 33:2740.37(B)(1)(a) itself, the general language of thisprovision provides for the creation of the City of Zachary EFI Districtimplicitly upon creation, by R.S. 17:64 and 64.1, of the City of ZacharySchool District Ain East Baton Rouge parish. Indeed, although usefulfor interpreting insurance policy language, which has to be strictlyconstrued against the insurer [see, for example, Bernier v. Pacific Mut.Life Ins. Co. of California, 173 La. 1078, 139 So. 629 (La. 1932)], anduseful for interpreting ambiguous statutory provisions where there is noother statutory provision, history, evidence, or clue as to what theLegislature intended, this maxim has been rejected for interpretingconstitutional or statutory provisions in the additional cases ofWeidenbacher v. St. Paul Fire and Marine Ins. Co., 347 So.2d 1160 (La.1977) (majority rejected the maxim over the dissent which invoked it);Central Louisiana Telephone Co., Inc. v. Louisiana Public ServiceCommission, 262 La. 819, 264 So.2d 905 (La. 1972) (reversing trial courtwhich had relied on it); State ex rel. Noe v. Knop, 190 So. 135 (La.App.Orl. Cir. 1939); Peters v. Bell, 51 La. Ann. 1621, 26 So. 442 (La.1898); Bauduc v. His Creditors, 4 La. 247, 1832 WL 851 (La. 1832) (perMartin, J., concurring); and Saul v. His Creditors, 5 Mart. (n.s.) 569,16 Am. Dec. 212, 1827 WL 1936 (La. 1827).
 Since, in our opinion, the City of Zachary School District has its ownCity of Zachary EFI District, it is separate and apart from the EastBaton Rouge Parish EFI District. Its voters do not vote in tax electionscalled by the East Baton Rouge Parish EFI District, and the East BatonRouge Parish EFI District's taxes are not levied or collected within theCity of Zachary EFI District.
 Accordingly, it is our opinion that the creation of the City of BakerSchool District and the creation of the City of Zachary School District
Ain East Baton Rouge parish has, in turn, cause to be created, underR.S. 33:2740.37(B)(1)(a), EFI Districts within each of those schooldistricts, each EFI District having territorial boundaries coterminouswith its school district. Consequently, in our opinion, there are threeseparate and independent school districts within East Baton Rouge Parish
— viz., the East Baton Rouge Parish School District, the City ofBaker School District, and the City of Zachary School District —the territorial area of each of which is mutually exclusive of theothers. Likewise, it is our opinion that each of these three schooldistricts has its own EFI District, whose territorial boundaries arecoterminous with its school district. When any of these EFI Districtssubmits a tax proposal to the voters, only the voters of that particularEFI District — and not any of the voters of the other two EFIDistricts — may vote on the tax proposal. Of course, if any EFIDistrict's tax proposal receives the approval of its voters, its tax proposal will become effective only within its own EFI District but will have no effect in either of the other two EFI Districts.
Trusting this opinion has adequately answered your request, we are
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: _____________________________ THOMAS S. HALLIGAN Assistant Attorney General
cc: Fred L. Chevalier Sheri M. Morris Mark D. Plaisance EBR Registrar of Voters, Elaine Lamb
DATE RELEASED: March 14, 2003