# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 03-1676

KENNETH MICHAEL WRIGHT

VERSUS

DARRYL TSCHIRN

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2001-5283,
HONORABLE KENT SAVOIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## MICHAEL G. SULLIVAN
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Michael G. Sullivan, and John B. Scofield,[*]
Judges.

**AFFIRMED IN PART; REVERSED IN PART;**
**AMENDED, AND AFFIRMED AS AMENDED.**

Ike A. Hobaugh
Wright & Moreno, L.L.C.
203 West Clarence Street
Lake Charles, Louisiana 70601-9431
(337) 439-6930
Counsel for Plaintiff/Appellant:
    Kenneth Michael Wright

Darryl J. Tschirn
Attorney at Law
7825 Fay Avenue, Suite 320
La Jolla, California 92037
(858) 454-9927
Defendant/Appellee

Terrence Jude Lestelle

---

[*]John B. Scofield participated in this decision by appointment of the Louisiana Supreme
Court as Judge *Pro Tempore.*

**Andrea Suchermann Lestelle**
**Lestelle & Lestelle**
**2121 Airline Drive, Suite 402**
**Metairie, Louisiana  70001-5979**
**(504) 828-1224**
**Defendants**

SULLIVAN, Judge.

This is a concursus proceeding for the disbursement of attorney fees and expenses among three attorneys who represented Joseph Benoit in a federal multi-district products liability litigation against Acromed Corporation, the manufacturer of an orthopaedic bone screw. One of the attorneys appeals the judgment of the trial court. For the following reasons, we affirm in part, reverse in part, amend, and affirm as amended the judgment of the trial court.

*Facts*

A number of attorneys represented Mr. Benoit prior to and during the course of the multi-district litigation which ended in settlement. Pursuant to the settlement, funds were distributed to Mr. Benoit's current attorney, James Wright. The distribution specified how the settlement funds were to be disbursed with amounts designated for attorney fees, attorney costs, and Mr. Benoit.

Mr. Benoit retained Mr. Wright in November 1993 to represent him and, in connection therewith, signed a contingency fee contract. Mr. Wright associated the firm of Lestelle and Lestelle to assist him with Mr. Benoit's case. The record indicates that Darryl Tschirn, and possibly a number of other attorneys, represented Mr. Benoit before he was represented by Mr. Wright and Lestelle & Lestelle. Mr. Tschirn also served as counsel for all claimants in the Acromed multi-district litigation.

Upon receipt of Mr. Benoit's distribution, Mr. Wright instituted this concursus proceeding and deposited the funds into the registry of the trial court. In his petition, Mr. Wright identified all of the attorneys he believed might have a claim to the specified attorneys fees and costs. The matter was tried by affidavit. Mr. Wright, Lestelle & Lestelle, and Mr. Tschirn filed affidavits to recover attorney fees and costs. The trial court disbursed the funds as follows:

| Kenneth Wright | $ 1,290.81 | attorney fees |
| | 524.40 | costs |
| Darryl Tschirn | $ 1,721.01 | attorney fees |
| | 907.60 | costs |
| Lestelle & Lestelle | $ 1,290.81 | attorney fees |
| | 584.89 | costs |

Mr. Wright filed a motion for new trial regarding the trial court's award of attorney fees in favor of Mr. Tschirn, asserting as he does here, that an attorney who terminates his representation of a client without cause is not entitled to a fee for his services. The trial court vacated the original judgment with regard to the award of attorney fees only and conducted a hearing on the issue of whether Mr. Tschirn was entitled to attorney fees. After the hearing, the trial court denied the motion, finding that an attorney who terminates his representation without cause but causes no prejudice to his client's interests remains entitled to a fee.

Mr. Wright appeals and assigns five errors. Mr. Wright complains that the trial court's award of attorney fees and costs to Mr. Tschirn was error because Mr. Tschirn abandoned Mr. Benoit without cause during the litigation and did not meet his burden of proof with regard to costs for which he seeks reimbursement. Mr. Wright also assigns as error the trial court's denial of his motion to compel Mr. Tschirn to respond to discovery he filed, the trial court's denial of his motion to have a contradictory trial rather than a trial by affidavits, and the trial court's refusal to admit unopposed evidence into evidence.

### *Discussion*

#### *Attorney Fees*

Mr. Wright asserts that Mr. Tschirn abandoned his representation of Mr. Benoit without cause and, therefore, is not entitled to collect a fee. Mr. Tschirn discussed in his brief, but did not address in his affidavits, why he no longer represents Mr. Benoit.

2

In his brief, Mr. Tschirn asserted that he terminated his professional relationship with Mr. Benoit because Mr. Benoit would not cooperate with him and would not comply with court orders and directives. However, a brief and its attachments are not part of the record and cannot be considered as evidence. *Arceneaux v. Arceneaux*, 98-1178 (La.App. 4 Cir. 3/17/99), 733 So.2d 86, *writs denied*, 99-518 (La. 4/9/99), 740 So.2d 633; 99-1351 (La. 6/25/99), 745 So.2d 624. The only evidence on this issue is a letter attached to Mr. Tschirn's affidavit. The letter was written by Mr. Tschirn to Mr. Benoit terminating his representation of Mr. Benoit for "personal and professional reasons."

In his opinion on the motion for new trial, the trial judge determined that Mr. Tschirn's termination of his representation of Mr. Benoit had not prejudiced Mr. Benoit's interests in his litigation; therefore, he remained entitled to a fee. The trial judge first considered Rule 1.16 of the Rules of Professional Conduct governing the Lawyer-Client Relationship (emphasis added) which provides:

> (b) Except as stated in Paragraph (c), a lawyer may withdraw from representing a client *if withdrawal can be accomplished without material adverse effect on the interests of the client, or if*:
>
> > (1) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> >
> > (2) The client has used the lawyer's services to perpetrate a crime or fraud;
> >
> > (3) A client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
> >
> > (4) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> >
> > (5) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

> (6) Other good cause for withdrawal exists.

> > (c) When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

There are no allegations that Mr. Tschirn's termination of his representation of Mr. Benoit had any adverse effect on Mr. Benoit's interests.

Quoting *Saucier v. Hayes Dairy Products, Inc.*, 373 So.2d 102, 118 (La.1978), the trial judge then observed:

> It seems to me that if the lawyer can keep earned fees that have been paid in advance, he can collect fees under a contingent agreement once recovery has been made, "apportioned according to the respective services and contributions of the attorneys for work performed and other relevant factors.

Mr. Wright argues that *Saucier* is inapplicable here because it deals with a client's dismissal of his attorney, not with an attorney's termination of his representation of the client. We do not agree. *Saucier* is decided on the basis of fairness and equity depending on the circumstances surrounding a client's discharge of his attorney. We find these principles appropriate to the situation presented here.

Mr. Tschirn's affidavit establishes that he filed suit on behalf of Mr. Benoit and prepared his case for trial in federal court in New Orleans. Mr. Tschirn also represented other plaintiffs with claims against Acromed, and the federal court scheduled all of the cases for trial in six week intervals. The trial of Mr. Benoit's case was delayed when Mr. Tschirn successfully tried his first case against Acromed, and Acromed appealed the judgment. The district court stayed the trial of the other Acromed cases until the appeal was completed. A short time later, Mr. Wright and Lestelle & Lestelle began representing Mr. Benoit. Approximately seven months later, the litigation against Acromed, which was nationwide, was consolidated into one multi-district litigation in the United States District Court, Eastern District of

4

Pennsylvania. Mr. Benoit's case became part of the multi-district litigation, and Mr. Tschirn was made a committee member of the multi-district litigation. Ultimately, the multi-district litigation resulted in two distributions to Acromed claimants. The second distribution to Mr. Benoit is the subject of this litigation.

Mr. Wright's affidavit reflects that his representation of Mr. Benoit consisted of participating in the deposition of Mr. Benoit, filing administrative claim forms and a pre-trial memorandum in the multi-district litigation, and invoking this concursus proceeding.

Mr. Wright urges us to adopt the position taken in some states that an attorney who withdraws from a contingency fee case without cause is not entitled to a fee. In our opinion, a decision based only on the cause of the termination without consideration of the effect on the client is in derogation of Rule 1.16 and may result in an unearned windfall to the client and his new counsel. Therefore, we decline to adopt this position.

Mr. Wright next argues that because Mr. Tschirn stated in his affidavit that he had a contingency fee contract with Mr. Benoit but did not introduce a copy of it into evidence, there is no way to determine whether the contract precludes him from collecting a fee for the services he provided Mr. Benoit due to his termination of representation. Rule 1.5(c) of the Rules of Professional Conduct governing the Client-Lawyer Relationship requires that a contingency fee contract be in writing. However, in *Syrie v. Schilab,* 95-491 (La.App. 3 Cir. 11/2/95), 664 So.2d 529, *writ denied*, 95-2869 (La. 2/2/96), 666 So.2d 1100, this court held that failure to introduce a contingency fee contract into evidence was not a "fatal flaw" to an award of attorney fees. Because there is no contention that Mr. Tschirn did not perform the services he

5

outlined in his affidavit on behalf of Mr. Benoit, we find that his failure to introduce his contingency fee contract into evidence is not "fatal" to his recovery.

Mr. Wright also urges that Mr. Tschirn's payment for his services as a committee member of the multi-district litigation is enough to compensate him for the services he provided individually to Mr. Benoit and for the services he performed as a committee member. We do not agree. Mr. Tschirn prepared Mr. Benoit's case for trial before he terminated his representation. The work he performed as a committee member was performed after he no longer represented Mr. Benoit and was performed in the interest of all Acromed claimants, as were the services of all the committee members. The services performed were separate and distinct, and he is entitled to be compensated for all of his services.

We find no error with the award of attorney fees in favor of Mr. Tschirn.

*Costs*

Mr. Wright assigns as error the trial court's award of costs to Mr. Tschirn because there is no supporting documentation for the expenses. To sustain his burden of proof, Mr. Tschirn should have attached copies of the invoices and identified them as expenses he incurred on Mr. Benoit's behalf. *Trinity Universal Ins. Co. v. Normand*, 220 So.2d 583 (La.App. 3 Cir. 1969). The judgment awarding costs to Mr. Tschirn is reversed.

*Request for Reconsideration of Trial on Affidavits and Motion to Compel Discovery*

Mr. Wright complains that the trial court required him to try this matter by affidavits and to do so was error. The trial court held a status conference in this matter on July 22, 2002. At that time, the trial was set for October 23, 2002. Following the status conference, a pre-trial order which set a deadline for filing motions and

6

discovery was issued. Both deadlines were forty-five days before trial. Mr. Wright filed his request for reconsideration on September 30, 2002.

At the hearing on the request for reconsideration, the trial judge noted that he recalled that the parties agreed at the status conference to try the matter by affidavits because the funds to be disbursed were not significant. Mr. Wright contends that he did not agree to try the matter by affidavits but was instructed by the trial court that it would be handled in that manner. Mr. Wright's request for reconsideration was filed after the deadline for motions provided in the pre-trial order. At that time, it was more than sixty days after the status conference and less than thirty days before the trial date. Additionally, the other parties had already filed their affidavits with the court.

In our opinion, Mr. Wright's dilatory filing of his request for reconsideration supports the trial court's belief that all of the parties agreed to submit their claims by affidavit. We know of no prohibition against parties agreeing to submit an ordinary proceeding or a concursus proceeding by affidavit. Considering these facts, we find that Mr. Wright waited too late to complain about submitting the matter by affidavits and that the trial court did not err in denying the request for reconsideration.

Mr. Wright cites *Hollywood Casino Shreveport v. Shreveport Paddlewheels, L.L.C.*, 02-2134 (La.App. 4 Cir. 7/23/03), 853 So.2d 660, in support of his position. In *Hollywood Casino*, the trial court's determination of the merits of a concursus proceeding in a summary proceeding was reversed. *See* La.Code Civ.P. art. 4662. There is a significant distinction between *Hollywood Casino* and this case: the parties in this matter agreed, or implied that they agreed, to submit the matter on affidavits.

Mr. Wright also asserts that the trial court's denial of his motion to compel discovery was error. The motion to compel discovery was not filed until October 7, 2002, which was well beyond the discovery deadline set in the pre-trial order and only sixteen days before trial. Mr. Wright has not shown any reason justifying his failure to comply with the discovery deadline. We find no error with the trial court's denial of his motion to compel.

***Introduction of Evidence***

In his last assignment of error, Mr. Wright complains that the trial court erred in refusing to allow him to introduce evidence at the October 23, 2002 trial. He proffered the evidence sought to be introduced. The evidence Mr. Wright sought to introduce was not in affidavit form nor was it attached to an affidavit. More importantly, nothing in the evidence sought to be introduced establishes that it is related or relevant to this proceeding. We find no error with the trial court's refusal to allow the evidence to be introduced at trial.

***Motion to Strike***

Mr. Wright filed a motion to strike Mr. Tschirn's appellate brief which was referred to the merits of this matter. He complains that the brief does not cite to references in the record by page numbers, as required by Rule 2-12.4 and Rule 2-14.5 of the Uniform Rules, Courts of Appeal, and that the brief references Mr. Tschirn's own memoranda and exhibits which were not in evidence. Rule 2-12.5 allows this court to disregard an argument on an error if suitable reference to the record is not made. Due to the nature of this proceeding, Mr. Tschirn's failure to cite references in the record by page number is not of such significance that compels us to strike his brief. The only exhibit attached to Mr. Tschirn's brief which is not in the record is a

8

copy of a case Mr. Tschirn referenced in his brief which was apparently provided for the convenience of this court. The motion to strike Mr. Tschirn's brief is denied.

### *Disposition*

For the foregoing reasons, the judgment in favor of Mr. Tschirn for attorney fees is affirmed, but the judgment for costs is reversed. The judgment of the trial court is amended to award the $907.60 in costs awarded to Mr. Tschirn one-half to Mr. Wright and one-half to Lestelle and Lestelle. The costs of this appeal are assessed equally between James Wright and Darryl Tschirn.

**AFFIRMED IN PART; REVERSED IN PART; AMENDED AND AFFIRMED AS AMENDED.**