liWILLIAM N. KNIGHT, Judge Pro Tem.
The plaintiff-in-intervention, Alfred F. Boustany, II, appeals the trial court judgment apportioning attorneys fees and court costs between him and the defendants-in-intervention, Glenn Armentor and Sera H. Russell, III. Armentor and Russell answered the appeal requesting their portion of the fees be increased. We affirm the judgment of the trial court as amended.
FACTS
Kimberly Syrie received serious injuries in a multiple vehicle accident. The accident occurred on the elevated portion of the interstate over the Atchafalaya Basin on November 19, 1989. In the accident Kimberly’s vehicle was struck from the rear by a truck which pushed Kimberly’s vehicle forward for some distance.
Kimberly subsequently contacted Bousta-ny to represent her regarding the accident. A contingency fee contract was executed by Kimberly and Boustany on 12January 5,1990. Boustany continued to represent Kimberly until she terminated his services by letter dated June 16, 1992, which she hand delivered to his office. Kimberly subsequently employed Armentor and Russell to represent her. They too were employed on a contingency fee basis.
A firm settlement offer of $750,000.00 principal, plus $75,000.00 in interest, was proposed by the trucking company’s attorney on July 10, 1992. Russell accepted the offer on behalf of Kimberly by letter dated July 16, 1992. The other party who had a claim against the trucking company had agreed to a fifty/fifty split of the $825,000.00 settlement offer with Kimberly. The portion of Kimber *531 ly’s half constituting attorney’s fee was $137,-500.00.
Pursuant to the intervention filed by Bous-tany, Armentor and Russell sent the undisputed portion of the fee, seventy percent, to Boustany. The remaining $41,250.00 was placed in the court registry in an interest bearing account. At trial Boustany claimed that he is entitled to the entire amount in the court registry and that Armentor and Russell were entitled to none.
After the trial, the judge divided the $41,-250.00 plus interest between the attorneys. Seven thirtieths (%o), $9,625.00, plus interest was awarded to Boustany and twenty-three thirtieths (⅜), $31,625.00, plus interest was awarded to Armentor and Russell. Court costs were assessed seventy-five percent to Boustany and twenty-five percent to Armentor and Russell.
Boustany appeals alleging the following assignments of error:
1. The lower court erred in awarding the amount of attorney’s fees awarded to the appellee when a settlement was imminent at the time the appellee entered the case and the appellee failed to offer a written contingency fee contract into evidence and offered no testimony to prove the terms of an employment contract.
2. The lower court erred in assessing the intervenor with 75% of the court costs associated with the intervention.
| 3 Armentor and Russell answers the appeal and requested that they be granted additional sums.
APPORTIONMENT OF ATTORNEY FEES
Both sides in this case allege that the trial judge erred in his division of the contingency fee between them. Although each side had its own contingency fee contract with Kimberly, only one fee may be collected. The highest reasonable contingent fee contracted for is to be apportioned between the attorneys in accordance with the factors set out in the Rules of Professional Conduct, Art. 16,
Rule 1.5.[1] Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979).
The factors to be considered include:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee is fixed or contingent. Rules of Professional Conduct, Art. 16, Rule 1.5(a).
In light of the trial judge’s oral reasons for judgment, it is obvious he took these factors into consideration. The judge stated that although Boustany did most of the work on the case, he failed to reach an overall figure concerning the Uprincipal and interest amount the trucking company was offering and never reached an agreement with the other parties about the split of that money. In addition, the judge noted that Boustany had some difficulties in communicating with Kimberly and in being responsive to her wishes. The judge also noted the tremendous amount of work done in such a short amount of time by Armentor and Russell in getting a grasp of the ease, getting all parties to agree to a good settlement and seizing that opportunity. Furthermore, there was some evidence that Armentor and Russell had to turn away some other clients to take care of this case. The judge took notice that both sides have experience, reputation and ability. Based on these factors, he apportioned the contingency fee with ¾ or 23½% to *532 Armentor and Russell and ¾ or 76⅜% to Boustany.
Whether settlement was imminent is a determination of fact. Therefore, it cannot be reversed absent a finding that a factual basis did not exist for that determination and the record establishes that it is clearly wrong. Stobart v. State of Louisiana through DOTD, 617 So.2d 880 (La.1993). Despite Boustany’s claim that settlement was imminent, there was testimony by the attorneys for the trucking company and the other injured parties that they were not at that point. Thus, the trial court did not erroneously conclude that Armentor and Russell performed work for which they should be fairly reimbursed.
A trial judge has great discretion in setting an attorney fee award and that award should not be disturbed unless there is a showing of abuse of discretion. Solar v. Griffin, 554 So.2d 1324 (La.App. 1 Cir.1989), writ denied, 558 So.2d 582 (La.1990); Sims v. Selvage, 499 So.2d 325 (La.App. 1 Cir. 1986), writ not considered, 503 So.2d 7 (La. 1987). The evidence in the record supports the trial | ¡judge's apportionment of the fees and therefore, we do not find it to be an abuse of discretion.
We also do not find the failure to introduce the second contingency fee contract into evidence a fatal flaw. Armentor and Russell were the attorneys of record at the time the case was settled. They were paid $137,500.00 or 33⅜% of Kimberly’s half of the settlement. Presumably this was done by Kimberly in accordance with the terms of their contract. The evidence at trial indicated that the contract existed, that it provided for a fee of 33½% and that Armentor and Russell were paid accordingly after the settlement. Indeed, Boustany himself admitted the existence of the contract at trial. The terms of the contingency fee contract in this case would only be relevant if it provided for a higher reasonable contingency fee than that of Boustany’s contract. Sufficient evidence of the amount of the contingency fee existed.
Although, a trial judge has great discretion in apportioning of court costs, we find that he abused his discretion in apportioning the court costs in this case 75% to Boustany and 25% to Armentor and Russell. Accordingly, we apportion the trial court costs 50% to Boustany and 50% to Armentor and Russell.
Armentor and Russell answered the appeal, requesting that their portion of the attorney’s fee be increased. As discussed above we find that that trial court did not err in apportioning the attorney’s fees. Accordingly, we find no merit in this assignment of error.
DECREE
The judgment of the trial court dividing the attorney fees is affirmed, however, the apportionment of trial court costs is reversed and reapportioned. |6Costs at trial and on appeal are assessed 50% to Boustany, plaintiff-in-intervention, and 50% to Armentor and Russell, defendants-in-intervention.

AFFIRMED AS AMENDED.

. These factors were originally set out in the Code of Professional Responsibility. However, this code was replaced by the Rules of Professional Conduct on January 1, 1987.