NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-681


DENNIS AND TRUDI KRAUT, ET AL.

VERSUS

NEW HAMPSHIRE INS. CO., ET AL.


**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-621-03
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard
Ezell, Judges.


AFFIRMED.

Alfred F. Boustany, II
Attorney At Law
P. O. Box 4626
Lafayette, LA 70502
(337) 261-0225
Counsel for Appellant:
Alfred F. Boustany, II

**Craig Alan Davis**
**Attorney at Law**
**111 Mercury**
**Lafayette, LA 70503**
**(337) 231-5351**
**Counsel for Appellee:**
**Craig A. Davis**

**EZELL, JUDGE.**

Alfred Boustany appeals a trial court judgment apportioning attorney fees in the representation of Dennis Kraut. Mr. Boustany claims the trial court erred in only awarding twenty-five percent of the total fee to him. We affirm the decision of the trial court.

## FACTS

Dennis Kraut was injured in an accident on September 3, 2002, when he was driving an eighteen-wheeler which was rear-ended by Richard Cormier. Mr. Kraut hired Alfred Boustany on September 3, 2002, to represent him. Suit was filed by Mr. Boustany on August 25, 2003. Suit was filed against Mr. Cormier and his insurer, New Hampshire Insurance Company. Suit was also filed against Empire Fire and Marine Insurance Company as the uninsured and underinsured motorist (UM) insurer of Miller Transporters, Inc., the owner of the truck.

Mr. Kraut sought medical treatment and began receiving workers' compensation benefits. New Hampshire's liability policy provided policy limits of only $10,000.00. The policy limits in addition to interest were deposited into the registry of the court on April 30, 2004. By that time, U.S. Speciality Insurance Company had paid more than $40,000.00 in workers' compensation medical and indemnity benefits. On July 6, 2004, New Hampshire was dismissed from the case.

Mr. Kraut discharged Mr. Boustany as his attorney and hired Craig Davis on August 4, 2004, to represent him. Mr. Davis then began negotiations with Empire to obtain a release of the money in the registry of the court and obtain UM benefits on behalf of Mr. Kraut. After corresponding with Mr. Davis about the claim, the workers' compensation insurer agreed to settle the claim for its lien for $4,000.00 and also agreed to continue paying workers' compensation benefits to Mr. Kraut. This

1

freed up the remaining funds on deposit in the registry of the court. Empire also agreed to release its $25,000.00 UM limits. All claims against the Defendants, except for Mr. Cormier, were dismissed.

A petition was then filed asking the court to apportion attorney fees between Mr. Boustany and Mr. Davis. A hearing on the matter was held on November 29, 2005. The trial court awarded $3,000.00 to Mr. Boustany and $8,778.00 to Mr. Davis. Mr. Boustany appeals claiming that he is entitled to a larger award of attorney fees.

## APPORTIONMENT OF ATTORNEY FEES

Pursuant to *Saucier v. Hayes Dairy Products, Inc.*, 373 So.2d 102, *on rehearing* (La.1979), a client only has to pay one contingency fee which is to be allocated among the attorneys handling a claim on the basis of the factors set forth in Rule 1.5 of the Rules of Professional Conduct, which provide in part:

> (a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
>
> > (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> >
> > (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> >
> > (3) the fee customarily charged in the locality for similar legal services;
> >
> > (4) the amount involved and the results obtained;
> >
> > (5) the time limitations imposed by the client or by the circumstances;
> >
> > (6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

Furthermore, a trial court has great discretion in the apportionment of an attorney fee award, and that award should not be disturbed absent an abuse of discretion. *Syrie v. Schilab*, 95-491(La.App. 3 Cir. 11/2/95), 664 So.2d 529, *writ denied*, 95-2869 (La. 2/2/96), 666 So.2d 1100.

The trial court determined that most of Mr. Boustany's work secured the deposit of the $10,000.00 into the registry of the court, so it awarded him the majority of the fee from that award, $3,000.00. As for the remaining $25,000.00 UM settlement, the trial court found that this was secured through Mr. Davis's efforts and awarded him the entire one-third fee on this amount. The trial court awarded the remaining $440.00 fee from the $10,000.00 deposit to Mr. Davis because he secured its release by negotiating with the workers' compensation insurer concerning its lien.

Mr. Boustany argues that most of the work had been completed when Mr. Davis became involved. He claims that the UM carrier had long indicated a willingness to pay $25,000.00, but he was investigating whether a proper lower selection of UM limits had been executed, with the potential for $1,000,000.00 in UM coverage. Mr. Boustany also asserts that all parties understood that the workers' compensation insurer had no claim for reimbursement from the UM carrier.

There are numerous letters in the record indicating that Mr. Davis was the attorney that corresponded with the liability insurer, UM carrier, and the workers' compensation insurer concerning the matter. He negotiated with the workers' compensation insurer to secure a settlement of its lien on the $10,000.00, so these funds could be released from the registry of the court. Mr. Davis also corresponded with the UM carrier and confirmed that the policy had UM limits of $25,000.00.

3

While not required, the UM carrier wanted a signed release from the workers' compensation insurer, which was also secured by Mr. Davis. At the hearing, Mr. Boustany admitted that Mr. Kraut handled his own workers' compensation claim.

Based on our review of the record, we find no abuse of discretion by the trial court in its apportionment of the attorney fees. The judgment of the trial court is affirmed. Costs of this appeal are assessed to Alfred Boustany.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 1-16.3, Uniform Rules, Court of Appeal.

4